Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
mac@mbvesq.com
*Counsel for SF NU, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Charles Paxton Paret, | ) | Case No. 23-217-ELG |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| Developer RE1 LLC, | ) | |
| | ) | Adv. Case No. 24-10023-ELG |
| Plaintiff, | ) | |
| | ) | (Cases Consolidated) |
| v. | ) | |
| | ) | |
| DP Capital LLC, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| 423 Kennedy St Holdings LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DP Capital LLC, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO EXTEND SCHEDULING ORDER**

Comes now SF NU, LLC ("SNL"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 9006(b), and moves to extend the various deadlines in these consolidated cases, and in support thereof states as follows:

I.     **Introduction**

SNL was recently joined in these proceedings through the filing of a second amended complaint (the "Second Amended Complaint," as found at DE #1-2, pp. 1588-1616, and as attached hereto as Exhibit A) on March 1, 2024. A summons was thereafter issued on March 19, 2024, DE #1-2, pp. 1625-26, and served upon SNL on March 26, 2024, *Id*. at p. 1642. SNL, in turn, filed a motion to dismiss on April 21, 2024 (the "Motion to Dismiss," *Id*. at pp. 1646-54, attached hereto as Exhibit B), which is set for hearing on July 23, 2024. DE #3.

Yet discovery in these cases is set to close on July 9, 2024. DE #1-2 at pp. 1705-07. And there thusly exists a paradigm where the Motion to Dismiss will not even be heard until two weeks *after* the currently-scheduled close of discovery. Insofar as SNL does not seek dismissal with prejudice, but rather urges the joinder of a necessary party, a ruling on the Motion to Dismiss will almost assuredly result in either (i) a subsequent amended complaint being docketed; or (ii) SNL then filing an answer, affirmative defenses, and/or a counterclaim. And for this to all follow the close of discovery is simply untenable, going so far as to raise legitimate due process issues for SNL.

There exists, too, the simple logic that insofar as these consolidated cases have now been removed, a new trial schedule needs to be imposed. This Honorable Court's calendar does not mirror that of the Superior Court, the process for bringing motions to hearing differs in the two courts, and the trial-readiness procedure is also slightly different in the two courts. While SNL certainly does not wish to see this case languish, and is eager to proceed expeditiously should the

2

Motion to Dismiss not be granted, the currently-scheduled deadlines—including a dispositive motions deadline three days after the hearing on the Motion to Dismiss—are neither feasible nor pragmatic at this juncture in time.

For these reasons, and as extrapolated upon *infra*, it is respectfully urged a new scheduling order be issued, permitting appropriate time for discovery to be taken and completed, allowing dispositive motions to trail the close of discovery, and establishing a pre-trial conference date following—or contemporaneous with—the adjudication of dispositive motions. These cases can—and should—move relatively quickly, and delay does not favor any of the parties hereto, but these cases also ought to proceed in a manner cognizant of the rights of the parties and the due process interests of SNL as well as any other parties that may be joined (with SNL urging that JPK NewCo LLC is a necessary, yet still-missing, party to these proceeding).

## II.     Standard

The Federal Rules of Bankruptcy Procedure allow for the enlargement of court-imposed deadlines "for cause shown." Fed. R. Bankr. P. 9006(b)(1). As noted in connection with an analogous provision of the Federal Rules of Civil Procedure, the standard "is not a high bar, but it does require some reasonable explanation for the party's delay." *Andrews v. Daughtry*, 994 F. Supp. 2d 728, 735 (M.D.N.C. 2014) (citing *Stanley v. Huntington Nat. Bank*, 492 Fed. Appx. 456 (4th Cir. 2012); *U.S. Home Corp. v. Settlers Crossing, LLC*, 2012 WL 3536691, at *17 (D. Md. Aug. 14, 2012); *Bonds v. Electrolux Home Prod., Inc.*, 2006 WL 3955825, at *3–4 (D. S.C. Dec. 6, 2006); *Strickland v. Alewine*, 2010 WL 679607, at *1 (D.S.C. Feb. 24, 2010)).

## III.     Argument: A New Scheduling Order is Appropriate

The parties hereto had not completed discovery at the time these cases were removed, and SNL had not commenced discovery insofar as SNL is waiting—as is familiar custom—to assess

3

the outcome of its Motion to Dismiss before expending time and resources on discovery. The notion that the discovery deadline (and, with it, the other ensuing deadlines) ought to be extended is accordingly rather uncontroversial in nature. The plaintiffs have not yet taken all the various depositions they wish to conduct, the defendants—aside from SNL—are also yet to convene certain depositions, and SNL wishes to take discovery (written and oral) if the Motion to Dismiss is not granted (or if it is granted with leave to amend).

Familiarly, "[d]efendants have a right to take discovery so that they may prepare for trial. . ." *Sorenson v. Minnesota*, 2022 WL 621151, at *2 (D. Minn. Mar. 3, 2022). And, unsurprisingly, "[j]oinder of a new party will likely require additional discovery and delay to trial." *Castano v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 12838183, at *1 (M.D. Fla. July 7, 2015). *See also Davis v. Perez*, 2017 WL 3567973, at *3 (D.N.J. Aug. 16, 2017) ("If joined, the new parties will likely ask to re-open discovery which will extend the current scheduling deadlines.").

For the avoidance of ambiguity, none of the defendants objected to SNL being joined through the Second Amended Complaint and SNL's grounds for seeking dismissal do *not* include any assertion that the entity ought not have been joined at this temporal stage of the proceedings. The issue here is not that SNL has been brought into these proceedings at a relatively late hour; the issue is that since SNL has been brought into these proceedings—and it appears JPK NewCo LLC still needs to be brought into these proceedings—the extant scheduling order is no longer

4

tenable, with SNL having a right to receive a ruling on the Motion to Dismiss and, should such not resolve in favor of SNL, to then proceed with the discovery process.[1]

SNL does not suggest this enlargement needs to be significant. A couple of months will more than suffice for the taking of discovery, during which time the plaintiffs—and other defendants—may continue with the discovery process as well. There is every reason to believe discovery may be concluded by September, with dispositive motions to follow two weeks thereafter and a pre-trial hearing to ensue before the autumn is too far along.

**IV.    Conclusion**

WHEREFORE, SNL respectfully prays this Honorable Court (i) enter a new scheduling order in these consolidated cases; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: July 6, 2024        By:    /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
mac@mbvesq.com
*Counsel for SF NU, LLC*

---

[1] It also remains to be seen if Wendell Webster, the Chapter 7 trustee of the estate of Charles Paret (the "Trustee"), will move to intervene in these proceedings. As observed in the Notice of Removal, DE #1, there is an intimate nexus between the allegations being advanced by the Trustee in a related adversary proceeding and the property rights at play in these consolidated proceedings. The Trustee asserts the debtor's estate has a partnership interest in some combination of the plaintiffs, defendants, loans, and/or real estate assets in these consolidated cases; given such posture, it would seem the Trustee may well wish to join in these proceedings to protect those interests.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of July, 2024, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein.

/s/ Maurice B. VerStandig
Maurice B. VerStandig
