eFiled
4/21/2024 11:53:53 PM
Superior Court
of the District of Columbia

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

Developer RE1 LLC,

    Plaintiff,

v.

DP Capital, LLC, et al.

    Defendants.

Case No. 2022 CAB 005935
Judge Ebony Scott

**MOTION TO DISMISS**

Comes now SF NU, LLC ("SNL"), by and through undersigned counsel, pursuant to District of Columbia Rule of Civil Procedure 12(b)(7), and moves to dismiss the Second Amended Complaint (the "Complaint") filed by Developer RE1 LLC (the "Plaintiff" or "RE1"), and in support thereof states as follows:

I.    **Introduction**

This lawsuit concerns the Plaintiff's efforts to preempt the foreclosure of two deeds of trust, based upon a series of legally-unprecedented theories and factually-unmoored allegations. SNL has been added as a party to this case for reasons that are less-than-clear, other than that it appears the Plaintiff (i) believes suit must be brought against the holder of one of the two notes; and (ii) posits some broad, vague, and factually-unsupported theory of tort liability against SNL.

Notwithstanding the Plaintiff's wholesale failure to plead any allegations against SNL, aside from those generically lobbed at a grouping of parties of which the Plaintiff asserts SNL to be a part, SNL will preserve for another day the issues centered on the Plaintiff's failure to state a claim for which relief may be granted. For present purposes, however, the other aforementioned

1

issue looms large: the Plaintiff has failed to join an indispensable party to this litigation and, as such, can proceed no further.

As discussed in greater detail *infra*, the promissory note once held by SNL is now held by JPK NewCo LLC ("JNL"), a District of Columbia limited liability company. Insofar as JNL owns the note, and holds the rights arising under the correlative deed of trust, the joinder of JNL as a party to this suit is required under governing law.

## II.      Argument: The Plaintiff Has Failed to Join an Indispensable Party

On April 16, 2024, SNL assigned the deed of trust it formerly held, secured by the Plaintiff's real estate asset, to JNL. The subject assignment was recorded amongst the land records of the District of Columbia the following day. *See* Assignment of Deed of Trust, attached hereto as Exhibit A. Upon that assignment, JNL – being the current holder of the deed of trust and promissory note underlying this case – became a necessary party hereto.

The rules of this Honorable Court provide that "failure to join a party under Rule 19" is a defense properly raised by motion. D.C. R. Civ. P. 12(b)(7). Rule 19, in turn, provides, *inter alia*:

> A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

D.C. R. Civ. P. 19(a)(1).

JNL is subject to service of process, having a registered agent within the District of Columbia. And the joinder of JNL will not deprive this Honorable Court of subject matter jurisdiction as JNL's existence as a District of Columbia limited liability company subjects the entity to the general jurisdiction of this Honorable Court. D.C. Code § 13-422.

Here, the Plaintiff seeks to enjoin foreclosure of the deed of trust now held by JNL. It accordingly follows that such relief cannot be afforded without JNL being made a party hereto. Equally, JNL certainly claims an interest in the property that is the subject of this action and, should JNL not be joined hereto, this litigation would impede JNL's ability to protect that interest.

To be sure, SNL does not object to the Plaintiff being afforded leave to amend to join JNL as a defendant. And, in so amending, SNL is hopeful the Plaintiff will delineate what exactly the Plaintiff believes SNL has done to warrant being sued, as such is at-best unclear on the face of the current iteration of the pleading. For instant purposes, however, it is clear this suit cannot proceed in the absence of JNL, and dismissal is thusly warranted.

**III.    Conclusion**

WHEREFORE, SF NU, LLC respectfully prays this Honorable Court (i) dismiss the Complaint; and (ii) afford such other and further relief as may be just and proper.

Dated: April 21, 2024                                Respectfully Submitted,

                                                    /s/ Maurice B. VerStandig
                                                    Maurice B. VerStandig, Esq.
                                                    DC Bar #1034066
                                                    The VerStandig Law Firm, LLC
                                                    9812 Falls Road, #114-160
                                                    Potomac, Maryland 20854
                                                    Telephone: 301-444-4600
                                                    Facsimile: 301-444-4600
                                                    Electronic Mail: mac@mbvesq.com
                                                    *Counsel for SF NU, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was served by the Court's electronic filing system this 21st day of April 2024, and a notice of filing should be served on all counsel of record.

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.

# Exhibit A

Doc #: 2024035623
04/17/2024 11:32 AM

<u>**When Recorded Return To**</u>:

    Russell S. Drazin
    Pardo & Drazin, LLC
    4400 Jenifer Street, NW, Suite 2
    Washington, DC 20015

## ASSIGNMENT OF DEED OF TRUST

       FOR VALUE RECEIVED, **SF NU, LLC** ("<u>Assignor</u>"), a New Mexico limited liability company, having an office located at 1455 Research Boulevard, Suite 510, Rockville, MD 20850 hereby assigns and transfers to **JPK NEWCO LLC** ("<u>Assignee</u>"), a District of Columbia limited liability company, having an office located at 8401 Greensboro Drive, Suite 960, McLean, VA 22102, its successors and assigns, Assignor's rights, title and interests in and to that certain Deed of Trust ("<u>Deed of Trust</u>") dated December 23, 2021 and recorded on January 3, 2022 as Instrument No. 2022000482 among the land records of the District of Columbia from Developer RE1 LLC, a District of Columbia limited liability company, as grantor, to Russell S. Drazin, as trustee, for the benefit of WCP Fund I LLC, a Delaware limited liability company, as beneficiary, as well as all other documents memorializing, securing, or relating to the indebtedness secured by the Deed of Trust.

       The real property and improvements thereon (if any) intended to be encumbered by the Deed of Trust is as follows:

Property 1:
Lot 137 in Square 3389, in a subdivision made by 71 Kennedy ST Holdings LLC and 5505 1st ST Holdings LLC, as per plat recorded in Liber 215 at folio 65 among the Land Records of the Office of the Surveyor of the District of Columbia

Property 2:
Lots 71 and 72 in square numbered 3389, in the subdivision made by The Washington Land and Mortgage Company of part of a tract of land called 'CHILLUM CASTLE MANOR", now known as "CHILLUM CASTLE HEIGHTS", as per plat recorded in Liber 42 at folio 14 of the Records of the Office of the Surveyor for the District of Columbia.

NOTE: At the date hereof, the above-described land is designated in the Records of the Office of Tax and Revenue for assessment and taxation purposes as **Lot 0138** in **Square 3389**.

       **IN WITNESS WHEREOF**, the undersigned has executed this Assignment of Deed of Trust as of the 15th day of April, 2024.

SF NU, LLC,
a New Mexico limited liability company

By: _____

Name: Jason Shrensky

Title:   Manager

## ACKNOWLEDGEMENT

Rockville, MD

Montgomery County

:
:  ss:
:

I HEREBY CERTIFY that on this _16_ day of _April 2024_,
before me, the subscriber, a Notary Public of the jurisdiction aforesaid, personally appeared
**Jason Shrensky**, and acknowledged himself to be the Manager of **SF NU, LLC**, a New Mexico
limited liability company, and acknowledged that he, being authorized so to do, executed the
foregoing instrument in the aforesaid capacity for the purposes therein contained.

IN WITNESS MY Hand and Notarial Seal.

_____(SEAL)
NOTARY PUBLIC

My Commission Expires:

_____

JEFFREY ROSENBLOOM
Notary Public – State of Maryland
My Commission Expires Sept. 10, 2024

- 2 -

```
Doc #: 2024035623
Filed & Recorded
04/17/2024 11:32 AM
IDA WILLIAMS
RECORDER OF DEEDS
WASH DC RECORDER OF DEEDS
  RECORDING FEES          $25.00
  SURCHARGE               $6.50
TOTAL:                    $31.50
```

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

Developer RE1 LLC,

     Plaintiff,

v.

DP Capital, LLC, et al.

     Defendants.

Case No. 2022 CAB 005935
Judge Ebony Scott

**[PROPOSED] ORDER**

Upon consideration of the Motion to Dismiss (the "Motion") filed by SF NU, LLC, any

opposition of the plaintiff herein thereto, the authorities cited in the Motion, and the record herein, it

is, this _____ day of _____, 2025, by the Superior Court of the District of Columbia, hereby:

ORDERED, that the Motion be, and hereby is, GRANTED; and it is further

ORDERED, that the above-captioned matter be, and hereby is, DISMISSED WITHOUT

PREJUDICE, with the plaintiff having 21 days from the date of this order to file a third amended

complaint; should the plaintiff fail to do so, this case shall be DISMISSED WITH PREJUDICE without

further order of this court.


     So Ordered.


                                 _____
                                 The Honorable Ebony Scott
                                 Superior Court of the District of Columbia


Copies To:

James D. Sadowski, Esq.
Alexandria J. Smith, Esq.
Russel Drazin, Esq.
Maurice VerStandig, Esq.