Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
mac@mbvesq.com
*Counsel for Russell Drazin*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: ) | |
| ) | |
| Charles Paxton Paret, ) | Case No. 23-217-ELG |
| ) | |
| Debtor. ) | Chapter 7 |
| ) | |
| Developer RE1 LLC, ) | |
| ) | Adv. Case No. 24-10023-ELG |
| Plaintiff, ) | |
| ) | (Cases Consolidated) |
| v. ) | |
| ) | |
| DP Capital LLC, *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |
| 423 Kennedy St Holdings LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DP Capital LLC, *et al.* ) | |
| ) | |
| Defendants. ) | |

**MOTION FOR SUMMARY JUDGMENT ON CLAIMS AGAINST RUSSELL DRAZIN**

1

Comes now Russell Drazin ("Mr. Drazin" or the "Defendant"),[1] by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 7056 and Federal Rule of Civil Procedure 56, and moves for summary judgment on all claims against Mr. Drazin, and in support thereof states as follows:

## I.   Introduction

At core, these two consolidated cases denote the efforts of Developer RE1 LLC ("DRL") and 423 Kennedy St Holdings LLC ("423 Kennedy") to augment existing law such that consumer protections attach to commercial loans. Yet one aspect of the entities' claims goes even a step further, seeking to undermine the long established—and legally well-moored—tradition of secured lenders having their legal counsel serve as trustees in connection with foreclosure proceedings. DRL and 423 Kennedy (collectively, the "Plaintiffs," and each a "Plaintiff") surmise that Mr. Drazin committed legal error in both serving as counsel to WCP Fund I LLC ("WCP") and serving as a trustee under deeds of trust in favor of WCP. As a matter of law, the Plaintiffs are wrong.

Yet even if, *arguendo*, the Plaintiffs could find some legal foundation for their claims, the facts of these cases reveal a far simpler and more elementary error in the tort-based causes of action against Mr. Drazin: since neither DRL nor 423 Kennedy has seen its respective real estate asset actually foreclosed, and since Mr. Drazin has not actually carried out a foreclosure auction, it is a legal impossibility for his actions to have occasioned any compensable damages. Mr. Drazin is being sued for something that, as a direct byproduct of this litigation, everyone agrees he has not actually done.

---

[1] Mr. Drazin has various co-defendants in these consolidated cases. This motion is brought solely on behalf of Mr. Drazin and the term "Defendant" is accordingly defined to solely reference Mr. Drazin. Where co-defendants are referenced herein, they are separately identified.

To be sure, the inclusion of Mr. Drazin in these proceedings is not merely legally improper, but, too, the seeming work of vexatious gamesmanship. Mr. Drazin has been the principal outside counsel of WCP and DP Capital LLC ("DPCL") since the entities' inception. Joining Mr. Drazin as a defendant in these consolidated cases has not only furnished the Plaintiffs with cover for the otherwise-unfathomable act of propounding discovery on the defendants' counsel but it has, too, served to effectively sideline Mr. Drazin from serving as litigation co-counsel with the undersigned.

These are unseemly ends beget by unseemly litigation tactics and, as these cases now progress, it is appropriate for these improper maneuvers to proceed no further. The actions of Mr. Drazin, as a trustee, have been uniformly in accord with controlling standards. And, in any event, the actions cannot have invited damages.

For these reasons, and as extrapolated upon *infra*, it is respectfully urged summary judgment be entered in favor of Mr. Drazin, and against the Plaintiffs, in these consolidated cases.

**II.     Standard**

The standard for a motion seeking summary judgment is familiarly set forth in the Federal Rules of Civil Procedure:

> A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).

As noted by the United States District Court for the District of Columbia, of the rule governing summary judgment:

> Federal Rule of Civil Procedure 56(c) states that summary judgment is appropriate when the pleadings and evidence demonstrate that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. To determine what facts are "material," a court must look to the substantive law on

3

> which each claim rests. A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. All evidence and the inferences drawn therefrom must be considered in the light most favorable to the nonmoving party. However, a nonmoving party must establish more than "the mere existence of a scintilla of evidence" in support of its position. To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the ultimate burden of proof at trial." By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment.

*Wyoming Outdoor Council v. Dombeck*, 148 F. Supp. 2d 1, 7 (D.D.C. 2001) (citing Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); quoting *Anderson*, 477 U.S. at 255; *Celotex*, 477 U.S. at 325).

As observed by the United States Court of Appeals for the District of Columbia Circuit, "[a] fact is 'material' if a dispute over it might affect the outcome of a suit under governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." *Mayorga v. Merdon*, 928 F.3d 84, 89 (D.C. Cir. 2019) (quoting *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006)). *See also Folksamerica Reinsurance Co. v. Republic Ins. Co.*, 2004 WL 1043086, at *2 (S.D. N.Y. 2004) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude entry of summary judgment."); *Associated Indus. Ins. Co. v. Mt. Hawley Ins. Co.*, 2021 WL 1921016, at *3 (S.D. Cal. 2021) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") (quoting *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)).

### III. Material Facts Not in Dispute

1. On December 23, 2021, WCP loaned $4,103,000.00 to DRL, with the loan being evidenced by promissory notes for $3,579,000.00 and $524,000.00, respectively (the "DRL Promissory Notes"). *See* DRL Promissory Notes, attached hereto as Exhibits A and B.

2. The DRL Promissory Notes are each secured by a deed of trust (collectively, the "DRL Deeds of Trust") on the real property commonly known as 5501 First Street, NW, Washington, DC 20011 (the "DRL Property"). *See* DRL Deeds of Trust, attached hereto as Exhibits C and D.

3. Four months later, on March 31, 2022, WCP loaned $9,945,693.00 to 423 Kennedy, with the loan being evidenced by promissory notes for $8,689,693.00 and $1,256,000.00, respectively (the "423 Kennedy Notes"). *See* 423 Kennedy Notes, attached hereto as Exhibits E and F.

4. The 423 Kennedy Notes are each secured by a deed of trust (collectively, the "423 Kennedy Deeds of Trust") on the real property commonly known as 419-423 Kennedy Street, NW, Washington, DC 20011 (the "423 Kennedy Property"). *See* 423 Kennedy Deeds of Trust, attached hereto as Exhibits G and H.

5. Mr. Drazin is the trustee named in the DRL Deeds of Trust and the 423 Kennedy Deeds of Trust. *See* DRL Deeds of Trust, Exhibits C and D; 423 Kennedy Deeds of Trust, Exhibits G and H.

6. After DRL and 423 Kennedy both allowed senior liens to accrue on their respective properties and, after DRL and 423 Kennedy were both habitually late making payments on their respective promissory notes, WCP declared all four loans to be in default in December 2022. *See* Notices of Default, attached hereto as Exhibits I and J.

7. Subsequently, and only after the respective loans matured pursuant to their express terms, without payment being made, WCP executed and recorded affidavits of non-residential mortgage foreclosures for both the DRL Property and the 423 Kennedy Property. *See* Affidavits of Non-Residential Mortgage Foreclosure, attached hereto as Exhibits K and L.[2]

8. Consistent with governing law, notices of foreclosure were recorded shortly thereafter, for both the DRL Property and the 423 Kennedy Property. *See* Notices of Foreclosure, attached hereto as Exhibits M and N.[3]

9. Mr. Drazin proceeded, as trustee under the deeds of trust, to mail the foreclosure notices to the Plaintiffs, to retain the services of an auctioneer, and to ensure the foreclosure auctions were appropriately advertised in *The Washington Post*. *See* Affidavit of Daniel Huertas, attached hereto as Exhibit O, at ¶ 4.

10. The Superior Court of the District of Columbia enjoined both foreclosure sales from occurring, prior to the times at which they were fixed, and both WCP and Mr. Drazin honored the subject injunctions, proceeding no further. *Id*. at ¶ 5.

11. Mr. Drazin is, and for many years has been, outside counsel to WCP and DPCL. *Id*. at ¶ 6.

---

[2] Somewhat confusingly, an "Affidavit of Non-Residential Mortgage Foreclosure," in the District of Columbia, is an affidavit indicating that such a foreclosure *will* occur—not an affidavit memorializing the occurrence of such a foreclosure. These are thusly prospective documents, prepared by the lender (not the trustee), and not records of an auction having actually been conducted.

[3] Similarly, notices of foreclosure are prospective documents memorializing that a foreclosure *will* occur—not that one has already been conducted. *See, supra,* n. 2.

6

## IV. Argument: Summary Judgment is Proper

### a. Mr. Drazin Has Not Breached any Fiduciary Duties

Both Plaintiffs are suing Mr. Drazin solely for breach of fiduciary duty.[4] At the core of such claims is a contention that Mr. Drazin, as trustee under the four deeds of trust, owed some ill-defined duty to not merely abide by the rigors of the appointing documents but, too, to act as some variety of an arbiter or third-party neutral. The Plaintiffs theorize Mr. Drazin was charged adjudicating any disputes between and amongst the Plaintiffs and WCP whilst, simultaneously, forbearing from proceeding with a foreclosure until such a time as the Plaintiffs either consented to the relief or Mr. Drazin's independent factual inquiry satisfied him—by some equally ill-defined burden—of the equitable propriety of foreclosing. This is not now, and never has been, the job of a trustee under a deed of trust—in either a commercial *or* consumer context, in the District of Columbia. And this proposed regime, if accepted, would not only undermine long-preserved norms

---

[4] The two operative complaints also state putative claims for "injunctive relief," against Mr. Drazin, but injunctive relief is a remedy—not a cause of action. *See, e.g.*, *Equitas Disability Advocates, LLC v. Bryant*, 134 F. Supp. 3d 209, 222 (D.D.C. 2015) ("…the claim for injunctive relief must also be dismissed as injunctive relief is a type of remedy, not a freestanding cause of action.") (citing *Base One Techs., Inc. v. Ali*, 78 F.Supp.3d 186, 199 (D.D.C. 2015); *Johnson v. District of Columbia*, 49 F.Supp.3d 115, 117 n. 1 (D.D.C. 2014); *Guttenberg v. Emery*, 41 F.Supp.3d 61, 70 & n. 5 (D.D.C. 2014)); *Butler v. Georgetown Univ.*, 2022 WL 1773479, at *2 (D.D.C. 2022) ("A request for injunctive relief is 'a remedy and does not assert any separate cause of action.'") (quoting *Dentons US LLP v. Republic of Guinea*, 208 F. Supp. 3d 330, 341 (D.D.C. 2016)); *C.F. Folks, Ltd. v. DC Jefferson Bldg., LLC*, 308 F. Supp. 3d 145, 152 (D.D.C. 2018) ("Injunctive relief, however, ' 'is not a freestanding cause of action, but rather …a form of relief to redress' ' a plaintiff's other claims.") (quoting *Johnson v. Mao*, 174 F.Supp.3d 500, 523–524 (D.D.C. 2016) (quoting *Base One Techs., Inc.*, 78 F.Supp.3d at 199))).

of lenders utilizing their counsel as trustees but, too, would grind to a halt the commercial secured paper market.[5]

This Honorable Court has previously had occasion to observe the duties, *vel non*, owed by trustees under deeds of trust, noting—in a discussion of precedent from the District of Columbia Court of Appeals—the following standard:

> While recognizing that a trustee under a deed of trust owes fiduciary duties both to the noteholder and to the borrower, the court also stated that, as a general proposition, trustees of deeds have only those powers and duties imposed by the trust instrument itself, coupled with the applicable statute governing foreclosure sales in the District of Columbia.

*In re Rothenberg*, 173 B.R. 4, 16 (Bankr. D.D.C. 1994) (citing *Perry v. Virginia Mortgage and Inv. Co.*, 412 A.2d 1194, 1197 (D.C. 1980)).

*Rothenberg* and *Perry* are not outlying cases, either. As observed as far back as 1974, by the United States Court of Appeals for the District of Columbia Circuit:

> A trustee under a deed of trust with conventional provisions, such as we have here, is basically a trustee of a power to convey title under certain circumstances, i.e., after a forced sale or payment. His powers and duties must be exercised with religious fidelity to ethical principles but his management responsibilities fall short of those conferred on trustees generally.

---

[5] Lest this seem hyperbolic, the contention merits repetition: if trustees under deeds of trust (whether counsel or laypersons) were required to forbear from foreclosing until the consent of borrowers was obtained (something that, self-evidently, appears unlikely to often occur), or until an entire adjudicative process plays out in some undefined tribunal helmed by the trustee, the entire system of non-judicial foreclosures in the District of Columbia would almost-assuredly collapse and, with that system, so too would collapse the market for the commercial paper secured by deeds of trust. Non-judicial foreclosures would quickly become a thing of the past, atrophying in favor of solely-judicial foreclosures, with lenders being at the oft-protracted temporal mercy of the Superior Court to obtain possession of their collateral. No trustee of sound judgment would dare take on the role of *ad hoc* judge, weighing the claims of lenders and borrowers against one another before rendering a decision, for plain fear of facing a suit like the above-captioned action. It is not merely that the regime proposed by the Plaintiffs is wildly at odds with the one that actually exists; it is, too, that the regime proposed by the Plaintiffs is wildly at odds with the realistic contours of what is actually tenable.

*S & G Inv. Inc. v. Home Fed. Sav. & Loan Ass'n*, 505 F.2d 370, 378 n. 21 (D.C. Cir. 1974). *See also Evans v. First Mount Vernon, ILA*, 786 F. Supp. 2d 347, 356 (D.D.C. 2011) ("Trustees on deeds generally 'have only those powers and duties imposed by the trust instrument itself, coupled with the applicable statute governing foreclosure sales in the District of Columbia.' Trustees on deeds must exercise their powers 'with religious fidelity to ethical principles.' Where a trustee has conflicting interests, the trustee bears the burden of showing that it faithfully executed its duties.") (quoting *Rothenberg*, 173 B.R. at 16 (citing *Perry*, 412 A.2d at 1197); *S & G Inv.*, 505 F.2d at 377 n. 21; citing *Sheridan v. Perpetual Bldg. Ass'n*, 322 F.2d 418, 422 (D.C. Cir. 1963))).

From this Honorable Court's holding in *Rothenberg*, the District of Columbia Circuit's holding in *S &G Inv.*, the United States District Court for the District of Columbia's holding in *Evans*, and the District of Columbia Court of Appeals' holding in *Perry*, it appears fairly well settled—by what would seem every possible District of Columbia court in the business of issuing published opinions—that the duties owed by trustees, under deeds of trust, are limited to those expressly set forth in the deeds themselves and otherwise arising under the District of Columbia's statutory scheme. In this case, all that those duties impose upon Mr. Drazin is an obligation to (i) obey the plain language of the deed of trust under which he is foreclosing; and (ii) obey the dictates of District of Columbia law as they relate to foreclosures.

Equally, even if some greater duty were to be imposed, suggesting Mr. Drazin had to verify the existence of a default before foreclosing (which, as urged *passim*, would be a significantly-problematic standard with far-reaching implications), it bears notation that the foreclosures for the DRL Property and the 423 Kennedy Property were scheduled *after* the DRL Promissory Notes and the 423 Kennedy Promissory Notes matured. No one is alleging the notes were paid at maturity

9

and no one is alleging the maturity dates were extended; it is genuinely difficult to conceive of a more objectively binary foundation upon which to premise a default and resulting foreclosure.

This seemingly leaves only the question of whether or not the long-observed custom of having lenders utilize their counsel as trustees must be abandoned. The plain language of the foregoing cases makes clear such is not so; the duties owed by trustees are merely those set forth in deeds of trust and those arising under governing statutes, so no duty in conflict with an ongoing legal representation arises in connection with a foreclosure. Yet one need not credit the legal analysis of Mr. Drazin or undersigned counsel; case law shows the propriety of this time-honored system, with the District of Columbia Court of Appeals having approved of the practice in *Perry*.

The *Perry* Court expressly confronted a situation where the substitute trustee was an "attorney . . . for the noteholder." *Perry*, 412 A.2d at 1197. The court thusly found that the attorney *does* have a duty of proving "faithfulness to their trust," *Id*., but, equally, that such "faithfulness" consists solely of (i) taking steps to "to advertise and sell the property and to pay all proper expenses and indebtedness," (ii) not committing fraud or misrepresentation; (iii) not self-dealing; (iv) not overreaching; (v) not personally benefiting from the foreclosure; (vi) not selling property at "a sum so shockingly low as to require invalidation of the sale," and (vii) not selling to a party who is not, in turn, a good faith purchaser. *Id*. at 1198.

No one is alleging Mr. Drazin failed to properly advertise the foreclosure auctions; in fact, the record shows that in lieu of running ads in some thinly-circulated trade publication, he caused them to be published in *The Washington Post*. Nor is anyone accusing Mr. Drazin of fraud or misrepresentation. The Plaintiffs do not allege Mr. Drazin has engaged in self-dealing. And since no foreclosures actually took place (a point touched upon in greater detail below), it is an

10

impossibility for Mr. Drazin to have overreached, benefited from the sale, sold properties at conscious-shocking sums, or sold properties in bad faith.

Core to the Plaintiffs' theory of these cases against Mr. Drazin is the notion that, as trustee, he has made substantive decisions universally favoring WCP. But such seems to miss the remarkably-ministerial nature of Mr. Drazin's duties as trustee: his obligations were to mail notice, to advertise a sale, to hire an auctioneer, and to execute a deed in favor of the high bidder upon closing. None of these duties invite much, if any, discretion on the part of Mr. Drazin. Quite sincerely, his only real choices were selecting the newspaper in which to run advertisements and the auction house at which to hold the foreclosure. Surely the Plaintiffs are not prepared to contend that *The Washington Post* was a choice so poor as to invite civil liability. And, equally assuredly, it seems a stretch to surmise anyone would contend the selection of Harvey West Auctioneers, Inc. as auctioneer was so thoroughly misplaced as to be tortious.

### b. Since No Foreclosures Have Occurred, No Damages Have Been Occasioned

There is a much more basic reason the claims against Mr. Drazin necessarily fail: one cannot, as a matter of law, breach a fiduciary duty unless the subject breach results in damages being sustained. Yet because the foreclosures in both consolidated cases were enjoined, Mr. Drazin has not actually sold the DRL Property or the 423 Kennedy Property and, as such, cannot have caused any compensable damages.

As noted by the United States District Court for the District of Columbia, a claim for breach of fiduciary duty has three conjunctive elements:

> To state a claim for breach of fiduciary duty in the District of Columbia, a complaint "must allege facts sufficient to show (1) the existence of a fiduciary relationship; (2) a breach of the duties associated with the fiduciary relationship; and (3) injuries that were proximately caused by the breach of fiduciary duties."

11

*Friends Christian High Sch. v. Geneva Fin. Consultants*, 39 F. Supp. 3d 58, 63 (D.D.C. 2014) (quoting *Armenian Genocide & Mem'l, Inc. v. Cafesjian Family Foundation, Inc.*, 607 F.Supp.2d 185, 190–91 (D.D.C. 2009)).

Here, quite plainly, the third element of such a claim cannot be satisfied. Since no foreclosures have actually occurred, no injuries can have been proximately caused by Mr. Drazin's actions—even if, *arguendo*, those actions otherwise satisfied the first two elements of the *Friends Christian High School* test.

Mr. Drazin has not sold the Plaintiffs' properties, taken money from the Plaintiffs, or deprived the Plaintiffs of their use and enjoyment of any legally-cognizable property interests. Yes, he was prepared to foreclose before injunctions were issued, since such was consistent with his fiduciary charge as trustee. But he never actually foreclosed since he obeyed the injunctions once issued. And these claims are thusly resolved with some ease, as it is an impossibility for any damages to have been occasioned by Mr. Drazin's actions.

The elemental requirement of damages for a tort action is a well-settled point of hornbook law, ingrained in the minds of law students and paramount in the practices of litigators. And the absence of damages here is thusly not merely grounds upon which to grant summary judgment but, too, grounds upon which to afford serious consideration to the motives of the Plaintiffs—two entities helmed by Mel Negussie, a practicing attorney. DRL and 423 Kennedy elected to not merely bring claims against their lenders but, too, to sue their lenders' counsel. Such reeks of gamesmanship of the worst variety. And such should be countenanced no further.

### V.   Conclusion

WHEREFORE, Mr. Drazin respectfully prays this Honorable Court (i) enter summary judgment in his favor; and (ii) afford such other and further relief as may be just and proper.

                              Respectfully submitted,

Dated: July 7, 2024        By:    /s/ Maurice B. VerStandig
                                      Maurice B. VerStandig, Esq.
                                      Bar No. MD18071
                                      The VerStandig Law Firm, LLC
                                      9812 Falls Road, #114-160
                                      Potomac, Maryland 20854
                                      Phone: (301) 444-4600
                                      mac@mbvesq.com
                                      *Counsel for Mr. Drazin*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 7th day of July, 2024, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein.

                                        /s/ Maurice B. VerStandig
                                        Maurice B. VerStandig