GREENSTEIN DELORME & LUCHS, P.C.
James D. Sadowski (DC Bar #446635)
Alexandria J. Smith (DC Bar #1781067)
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 452-1400; Fax (202) 452-1410
Email: jds@gdllaw.com; ajs@gdllaw.com
*Counsel for Plaintiffs Developer RE1 LLC and*
*423 Kennedy St Holdings LLC*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>CHARLES PAXTON PARET<br><br>*Debtor.* | Case No. 23-00217-ELG<br><br>Chapter 7 |
| DEVELOPER RE1 LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>DP CAPITAL LLC D/B/A WASHINGTON CAPITAL PARTNERS, *ET AL.*,<br><br>*Defendants.* | Adv. Pro. No. 24-10023-ELG<br>(D.C. Superior Court Consolidated<br>Case No. 2022-CAB-005935) |
| 423 KENNEDY ST HOLDINGS LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>DP CAPITAL LLC D/B/A WASHINGTON CAPITAL PARTNERS, *ET AL.*,<br><br>*Defendants.* | |

4866-9933-1793.v2

**PLAINTIFFS' STATEMENT UNDER FED. R. BANKR. P. 9027(e)(3)
THAT THEY DO NOT CONSENT TO
THE ENTRY OF FINAL ORDERS OR JUDGMENT**

Plaintiffs, Developer RE1 LLC ("Developer RE1") and 423 Kennedy St Holdings LLC ("423 Kennedy") (collectively, "Plaintiffs"), file this statement under Fed. R. Bankr. P. 9027(e)(3). The Plaintiffs do not consent to this Court issuing any final orders or judgment for the following reasons:

1.  The Defendants have to date not cured the deficiency in the Notice of Removal that was listed in the deficiency notice issued on July 9, 2024.

2.  The removal of the D.C. Superior Court case was untimely under Fed. R. Bankr. P. 9027(a)(2). In the alleged "related" bankruptcy case, *In Re: Charles Paxton Paret,* Case No. 23-00217-ELG, an order of relief was entered on August 31, 2023 and an amended order of relief was entered on October 2, 2023. The notice or removal was filed on July 4, 2024, which was 308 days after the issuance of the order of relief on August 31, 2023 and 276 days after the issuance of the amended order of relief on October 2, 2023.

3.  The notice of removal of the Superior Court case was filed for multiple, improper purposes: (a) to delay the Plaintiffs from taking the depositions of the Defendants and their witnesses, which would have taken place in mid-July but for the improper removal of the case; (b) to prevent decisions from being made by the D.C. Superior Court on multiple pending motions, including a decision on Developer RE1's motion to dismiss an untimely Counterclaim filed by Defendant WP Fund I, LLC; (c) to delay the jury trial that was set to take place starting on September 9, 2024; and (d) to change to forum of the case to a forum that the Defendants believe will be more favorable to their positions (*i.e.,* forum shopping).

4866-9933-1793.v2

4. The consolidated cases have been pending in the D.C. Superior Court since December 16, 2022 (the Developer RE1 case) and July 13, 2023 (the 423 Kennedy Case). Two hearings were held (by different judges) on the Plaintiffs' motions for a temporary restraining order in July of 2023, and thirteen motions have been filed, including two dispositive motions, of which ten had already been decided and three were pending as of July 4, 2024.

5. Extensive discovery had already taken place in the consolidated cases. Approximately forty-seven written discovery requests and responses were served (*e.g.*, interrogatories, request for production of documents, requests for admissions, and related responses), one deposition was partially completed, two subpoenas were issued, and the date for the completion of discovery was set for July 9, 2024.

6. On July 3, 2024, one day before the Notice of Removal was filed, Plaintiffs' counsel sent an email to Defendants' counsel that attached to it multiple notices of depositions. *See* Exhibit 1 (July 3, 2024 email from James D. Sadowski to Maurice Verstandig attaching four deposition notices; three for the corporate defendants, and one additional combined notice for six individual witnesses' depositions).[1] It is not a coincidence that the Defendants filed the Notice of Removal the day after they were put on notice of the Plaintiffs' intent to take multiple depositions of the Defendants and their witnesses.

7. Most importantly, the claims that the Defendants are trying to improperly remove in this case -- after the deadline to do so under Fed. R. Bankr. P. 9027(a)(2) had long expired -- are not core proceedings. The consolidated cases involve purely state law claims for breach of contract (in the 423 Kennedy case), tortious interference with business relations (both cases); breach of the duty of good faith a fair dealing (both cases), breach of fiduciary duty by

---

[1] Only one of the three, similar corporate deposition notices is included in Exhibit 1.

3

the trustee under the deeds of trust (both cases), requests for declaratory judgments as to the unenforceability of certain provisions in the loan documents (both cases), and requests for injunctive relief (both cases).

8.  A bankruptcy judge may resolve non-core proceedings only if the parties consent. *See* 28 U.S.C. § 157(c)(1)-(2).  The Plaintiffs do not consent to this Court resolving what are clearly non-core proceedings.

For these reasons, the Plaintiffs do not consent to the issuance of any final orders or judgment in this case.  The removal of the consolidated cases from D.C. Superior Court was an untimely and improper attempt at forum shopping and delay.  The only further orders that this Court should issue are:  (1) an order suspending the time for the Plaintiffs to respond to the four motions that the Defendants have improperly tried to forum shop to this Court (Dkt. Nos. 3, 5, 7, and 9) until after the Plaintiffs' motion for remand is decided;[2] and (2) an order remanding this case back to the D.C. Superior Court and imposing appropriate sanctions for the improper removal of the consolidated cases.

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, P.C.

Dated:  July 17, 2024        /s/ James D. Sadowski
James D. Sadowski (DC Bar #446635)
Alexandria J. Smith (DC Bar #1781067)
801 17th Street, N.W., Suite 1000
Washington, D.C.  20006
Phone: (202) 452-1400; Fax: (202) 452-1410
Emails:  jds@gdllaw.com; ajs@gdllaw.com
*Counsel for Plaintiffs Developer RE1 LLC and 423 Kennedy Holdings LLC*

---

[2]  The Plaintiffs will soon be filing a motion for remand.  The motion for remand will include a more detailed and further explanation as to why this case should be remanded to the D.C. Superior Court.  The Plaintiffs will probably also be filing a motion to suspend all response deadlines until after the motion for remand is decided.

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of July, 2024, a true copy of the foregoing Statement under Fed. R. Bankr. P. 9027(e)(3) was served electronically and a Notice of Electronic filing should be sent to all persons receiving notices via the Court's CM/ECF system. I am also sending a copy of this Statement to the following persons by first class mail:

DP Capital, LLC d/b/a
Washington Capital Partners
8401 Greensboro Drive
Suite 960
McLean, VA  22102

WCP Fund I, LLC
8401 Greensboro Drive
Suite 960
McLean, VA  22102

Russell Drazin
4400 Jenifer Street, NW
Suite 2
Washington, DC 20015

Daniel Huertas
909 Chinquapin Road
McLean, VA  22102

SF NU, LLC
Attn:  Jason Shrensky
Managing Member
9300 Marseille Drive
Potomac MD 2085

/s/ James D. Sadowski
James D. Sadowski

4866-9933-1793.v2