GREENSTEIN DELORME & LUCHS, P.C.
James D. Sadowski (DC Bar #446635)
Alexandria J. Smith (DC Bar #1781067)
Erin B. McAuliffe (DC Bar #1722421)
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 452-1400; Fax (202) 452-1410
Emails: jds@gdllaw.com; ajs@gdllaw.com; ebm@gdllaw.com
*Counsel for Plaintiffs Developer RE1 LLC and 423 Kennedy Holdings LLC*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>CHARLES PAXTON PARET<br><br>*Debtor.* | Case No. 23-00217-ELG<br><br>Chapter 7 |
| DEVELOPER RE1 LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>DP CAPITAL LLC; RUSSELL DRAZIN; DANIEL HUERTAS; SF NU, LLC; and WCP FUND I LLC,<br><br>*Defendants.* | Adv. Pro. No. 24-10023-ELG |
| 423 KENNEDY ST HOLDINGS LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>DP CAPITAL LLC; RUSSELL DRAZIN; DANIEL HUERTAS; and WCP FUND I LLC,<br><br>*Defendants.* | |

4894-1669-2944.v2

PLAINTIFFS' MOTION FOR REMAND AND TO SUSPEND
DEFENDANTS' MOTIONS, HEARINGS, AND RELATED RESPONSE DEADLINES

The Plaintiffs, Developer RE1 LLC ("Developer RE1") and 423 Kennedy St Holdings LLC ("423 Kennedy") (collectively, "Plaintiffs"), pursuant to 11 U.S.C. § 105(a), 28 U.S.C. §1334(c) and §1452(b), Fed. R. Bankr. P. 9006, and LBR 9027-1(b) move this Court to: (a) remand this adversary proceeding to the D.C. Superior Court; and (b) suspend all other pending motions, hearing, and response deadlines until after a decision is made on the motion for remand. In support of these requests, the Plaintiffs submit the following memorandum of facts and law:

OVERVIEW

1. On July 4, 2024, Defendants DP Capital LLC ("DP Capital"), Russell Drazin ("Mr. Drazin"), Daniel Huertas ("Mr. Huertas"), WCP Fund I LLC ("WCP Fund I"), and SF NU, LLC ("SF NU") (collectively, "Defendants") filed an untimely notice of removal to remove two civil cases pending in the D.C. Superior Court that had been consolidated into one action (the "Consolidated Cases"). The Consolidated Cases are *Developer RE1 LLC v. . DP Capital d/b/a Washington Capital Partners, et al.*, Case No, 2022-CAB-005935) (the "Lead Case") and *423 Kennedy St. Holdings, LLC v. DP Capital d/b/a Washington Capital Partners, et al.*, Case No. 2023-CAB-004260 (the "423 Kennedy Case".

2. The Defendants removed the Consolidated Cases under the guise that the Consolidated Cases involve a "core" proceeding (citing 28 U.S.C. §§ 157(b)(2)(I) and (O)). This contention is not accurate because the Consolidated Cases involve purely state law claims for breach of contract (in the 423 Kennedy case), tortious interference with business relations (both cases), breach of the duty of good faith a fair dealing (both cases), breach of fiduciary duty by the trustee under the deeds of trust (both cases), requests for declaratory judgments as to the

2

unenforceability of certain provisions in the loan documents (both cases), and requests for injunctive relief (both cases).

3.  The Consolidated Cases were pending at the time the involuntary bankruptcy petition against Charles Paxton Paret (the "Debtor" or "Mr. Paret") was filed on August 4, 2023, so this adversary proceeding should be remanded because the Notice of Removal was not timely filed under Fed. R. Bank. P. 9027(a)(2).

4.  The relationship that the Defendants allege between this case and another adversary proceeding (AP 23-10025) is remote at best. The Consolidated Cases do not involve any core proceeding and should be remanded on the basis of mandatory abstention. The Consolidated Cases should alternatively be remanded on the basis of permissive abstention.

## THE CONSOLIDATED CASES

5.  On December 16, 2022, 566 days before the Notice of Removal was filed, Developer RE1, as plaintiff, filed a Complaint in D.C. Superior Court against DP Capital, WCP Fund I, Mr. Huertas, and Mr. Drazin in the Lead Case. The initial complaint in the Lead Case was amended twice – first to correct errors and then a second time to add claims against Mr. Drazin and SF NU, LLC.

6.  On July 13, 2023, 357 days before the Notice of Removal was filed, 423 Kennedy, as plaintiff, filed a Complaint in the D.C. Court of the District of Columbia Case against the same Defendants in 423 Kennedy Case.[1]

7.  Mr. Paret has no membership interest in either Developer RE1 or 423 Kennedy, both of which are limited liability companies that are owned by others.

---

[1] The claims in the 423 Kennedy Case were first raised in a prior complaint that was filed against the Defendants in D.C. Superior Court on December 15, 2022. That first case was dismissed, without prejudice, at a hearing on 423 Kennedy's motion for a temporary restraining order. *See 423 Kennedy St. Holdings v. DP Capital, LLC, et al.,* Case No. 2022-CAB-005093.

3

8. By June 7, 2024, the parties had engaged in extensive motions practice and discovery in the Consolidated Cases. Due to the common issues of fact, similar loan documents, the similarity of the Defendants,[2] and the similarity of events and transactions underlying the two disputes, the parties agreed that the Lead Case and the 423 Kennedy Case should be consolidated for trial.

9. On June 7, 2024, the Plaintiffs filed a Consent Motion to Consolidate and Modify Scheduling Order. Four days later, Judge Ebony M. Scott of the D.C. Superior Court issued an Order consolidating the 423 Kennedy Case with the Lead Case, and in that order Judge Scott directed that all future filings should be made in the Lead Case.

10. The claims in the Consolidated Cases are state law claims related to multiple sets of loan documents between Developer RE1 (in the Lead Case) and 423 Kennedy (in the 423 Kennedy Case), as borrower. The WCP Fund I, LLC ("WCP Fund") is the named lender in the loan documents. DP Capital d/b/a Washington Capital Partners ("WCP") services the loans for the WCP Fund. Mr. Huertas controls the WCP, and Mr. Drazin is the Trustee under all four Deeds of Trust

11. Both cases also seek a declaratory judgment as to the meaning of, and disputes about certain provisions in the Deeds of Trust. Both cases also seek temporary and permanent injunctive relief to prevent a foreclosure sale. Finally, both cases assert a breach of fiduciary duty claim against Mr. Drazin and seek declaratory judgments that Mr. Drazin (a) cannot serve as the trustee under the Deeds of Trust due to an obvious conflict of interest, and (b) that the foreclosure notice that Mr. Drazin issued is invalid.

---

[2] SF NU, LLC remains a defendant in the Lead Case only.

4894-1669-2944.v2

12.     The Consolidated Cass were scheduled for a jury trial to begin on September 9, 2024.  With discovery scheduled to close on July 9, 2024, the parties were in the last stages of conducting discovery.  Specifically, on July 3, 2024, the Plaintiffs served several notices of deposition pursuant to Rule 30(b)(6) and had scheduled the depositions of DP Capital, SF NU, and the WCP Fund I for July 8, 2024.  The Plaintiffs also noted the individual depositions of six people associated with DP Capital, SF NU, and the WCP Fund for July 9, 2024.  *See* Exhibit 1 to Plaintiffs' Statement filed under Fed. R. Bank. P. 9027(e)(3) (Dkt. No. 12).

13.     On July 4, 2024, in an apparent effort to avoid having any depositions taken by the Plaintiffs, the Defendants filed their Notice of Removal.  Almost immediately after filing their untimely Notice of Removal, the Defendants began flooding this court with motions by filing multiple hearing notices and separate motions, two of which were already pending in the Consolidated Cases.  *See* Dkt. Nos. 3, 4, 5, 7 and 9.

14.     The dockets for the Consolidated Action reflect their lengthy history in D.C. Superior Court.  For ease of reference, printouts of the dockets for both cases are attached as Exhibits 1 and 2 to this motion.

### THE CHAPTER 7 PROCEEDING AND ADVERSARY PROCEEDINGS

15.     Two of the defendants in the Consolidated Cases initiated a Chapter 7 Case against Mr. Paret on August 4, 2023, nearly one year ago, in Case No. 23-00217-ELG (the "Chapter 7 Case").  Mr. Paret is *not* a party to the Consolidated Cases.  The Plaintiffs were also not named as creditors in the Chapter 7 Case.  The Chapter 7 Case was filed after each of the Consolidated Cases were filed.

16.     On September 1, 2023, Mr. Huertas filed a Notice of Removal of a complaint that Mr. Paret had filed against Mr. Huertas in the D.C. Superior Court known as *Charles Paret v.*

5

*Daniel Huertas,* Case No.: 2023-CAB-004507 (the "Paret Complaint"). In the Paret Complaint, which was filed on July 24, 2023, Mr. Paret alleged that he and Mr. Huertas entered into a partnership agreement. In the prayer for relief in the Paret Complaint, Mr. Paret asked that "a constructive trust be established to any and all partnership assets."

17. On March 1, 2024, Wendell Webster, in his capacity as the Chapter 7 Trustee (the "Ch. 7 Trustee") filed a Second Amended Complaint, naming three of the five defendants in the Consolidated Action as defendants in the Adversary Proceeding initiated when Mr. Huertas removed Mr. Paret's case against him. On July 2, 2024, the Ch. 7 Trustee filed a Third Amended Complaint.

18. In their Notice of Removal, the Defendants claim that the Ch. 7 Trustee has alleged the existence of a partnership that may or may not have included the properties that are the subject of the liens created by the loan documents at issue in the Consolidated Cases. The Defendants also point to the Ch. 7 Trustee's request for the imposition of a constructive trust over partnership properties. The Defendants have repeatedly denied the existence of any partnership between Mr. Paret and Mr. Huertas.

19. To the extent that the Defendants seek to rely on the allegations related to a partnership in support of their "this is a core proceeding" contention, they failed to explain why they did not seek to timely remove the Consolidated Cases before July 4, 2024. The Defendants, by their own filings, have admitted that they were on actual notice of the Debtor's partnership allegations as early as March 3, 2024. *See, e.g.,* Defendants' Motion to Dismiss or, In the Alternative, for Summary Judgment filed on March 4, 2024 at ¶¶ 7 and 11 (specifically referencing the properties owned by 423 Kennedy and Developer RE1) (Dkt. # 15 in 23-10025).

6

4894-1669-2944.v2

20. The Defendants were similarly on prior notice of Mr. Paret's, and later the Ch. 7 Trustee's, request for the imposition of a constructive trust.

21. It is disingenuous for the Defendants to simultaneously deny the existence of the partnership alleged by the Ch. 7 Trustee, and to seek to dismiss any such partnership claims, while at the same time rely upon the same allegations as truthful for the purposes of removing the Consolidated Cases.

22. In the Third Amended Complaint, the Ch. 7 Trustee alleges that 423 Kennedy purchased 419-423 Kennedy Street, NW on September 1, 2019. That purchase date was *before* the date that it is alleged Mr. Paret and Mr. Huertas formed a partnership on September 20, 2019, so the Defendants' contention that the Consolidated Cases have an impact on the administration of Mr. Paret's estate is even more tenuous.

23. The timing of the removal is further suspect given that the Third Amended Complaint is not yet at issue and may very well be subject to dismissal. The Consolidated Cases, at best, have only a threadbare connection to the allegations in AP 23-10025.

24. There is no objectively reasonable explanation for the delayed filing of the removal request other than that step being taken to forum shop state law claims (and related motions) to this Court, to delay the Plaintiffs from taking depositions, and to otherwise prevent the Plaintiffs from pursuing their claims in the Consolidated Cases in D.C. Superior Court.

## LEGAL ARGUMENTS

A. <u>Defendants' Notice of Removal Is Untimely.</u>

25. Fed. R. Bankr. P. Rule 9027(a)(2), which governs the time for filing a notice of removal of a civil action that is pending before commencement of a bankruptcy case, provides that:

4894-1669-2944.v2

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code [11 USCS § 362], or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr.. P. 9027(a)(2).

26. The first Order for Relief was signed and docketed on August 31, 2023, the Amended Order for Relief was signed and docketed on October 2, 2023, and no stay was imposed on the Consolidated Cases. Under Fed. R. Bank. P. 9027(a)(2), any notice of removal should have been filed no later than November 2, 2023. The Notice of Removal here was filed 245 days after that deadline. The Consolidated Cases must be remanded for this reason alone.

B.   <u>Mandatory Abstention Is Required.</u>

27. Even if removal had been timely, the doctrine of mandatory abstention applies because the claims in the Consolidated Cases are non-core proceedings. This Court has expressed approval of the Third Circuit's distinction between core and non-core proceedings. "Cases under title 11, proceedings arising under title 11, and proceedings arising in a case under title 11 are referred to as 'core' proceedings; whereas proceedings [that are only otherwise] 'related to' a case under title 11 are referred to as 'non-core' proceedings." *Va. Hosp. Ctr.-Arlington Health Sys. v. Akl (In re Akl)*, 397 B.R. 546, 549 (Bankr. D.D.C. 2008) (*In re Combustion Eng'g, Inc.*, 391 F.3d 190, 225 (3d Cir. 2004)).

28. Although the Defendants nominally cited to 28 U.S.C §§157(b)(2)(I) and (O) in support of their "core proceedings" contention, the claims in the Consolidated Cases did not arise under title 11 nor did they arise in a case under title 11; rather, those claims arose under state law.

8

4894-1669-2944.v2

As a result, the claims in the Consolidated Cases could only possibly be "related to" the Chapter 7 Case or to AP 23-10025.

29. With respect to mandatory abstention, 28 U.S.C. 1334(c)(2) provides that:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district *court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.*

28 U.S.C. 1334(c)(2) (italic emphasis added).

30. There can be no dispute that the D.C. Superior Court can timely adjudicate the claims in the Consolidated Cases because the only disruption to the timely adjudication of those claims was the delay caused by the Defendants filing a Notice of Removal. A jury trial was scheduled to start on September 9, 2024.

31. The D.C. Superior Court has gained a much better familiarity with the claims and issues in the Consolidated Cases during the lengthy history of the cases. As a result, this Court is required to abstain from hearing the Consolidated Cases under 28 U.S.C. 1334(c)(2).

C. <u>Discretionary Abstention Is Also Appropriate Here.</u>

32. Whether discretionary abstention is appropriate includes evaluating the following factors:

    (a)    efficiency in the administration of the debtor's estate;
    (b)    the extent to which state law issues predominate over bankruptcy issues;
    (c)    whether the issues involve difficult or unsettled questions of state law that would be better addressed by a state court;
    (d)    the presence of a related proceeding commenced in state court;
    (e)    the existence of a jurisdictional basis other than § 1334;
    (f)    the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
    (g)    the substance rather than form of an asserted "core" proceeding;

      (h)    the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court;
      (i)    the burden of the federal court's docket;
      (j)    the likelihood that the commencement of the proceeding in federal court involves forum shopping by one of the parties;
      (k)    the existence of a right to a jury trial; and
      (l)    whether non-debtor parties are involved in the proceeding.

*Welch Family Ltd. P'ship Four v. Brown (In re A V. Car & Home, LLC)*, 2018 Bankr. LEXIS 3955, at *21-22 (Bankr. D.C. Dec. 14, 2018) (quoting *Power Plant Entm't Casino Resort Ind., LLC v. Mangano,* 484 B.R. 290, 299 (Bankr. D. Md. 2012)).

33. An evaluation of the abstention factors supports the Plaintiffs' request for a remand. The adjudication of the Consolidated Cases will have no impact on the effective administration of Mr. Paret's estate. The state law issues in the Consolidated Cases are the only issues and therefore predominate. The D.C. Superior Court is also much more familiar with the claims and issues in the Consolidated Cases given the lengthy history of the cases.

34. The allegations made by the Ch. 7 Trustee regarding the partnership and alleged partnership property combined with the Defendants' position that there was no partnership, do not create any clear connection between any of the claims in the Consolidated Cases that would somehow interfere with this Court's administration of the Chapter 7 Case. Any connection between AP 23-10025 and the Consolidated Cases is remote and tenuous, at best.

35. This case will place an unnecessary burden on this Court's docket – as is already evident by the flood of motions that have already been filed and noticed for a hearing. Removal at this untimely and late stage, days before important depositions were about to be taken, and just nine weeks before trial, raises a strong likelihood of forum shopping. The parties in the Consolidated Cases are all non-debtor parties.

36.     When making an abstention decision, "[c]ourts also consider factors such as (1) the efficient use of judicial resources; (2) the possibility of inconsistent results; (3) the expertise of the court where the action originated; and (4) duplicative and uneconomic effort of judicial resources in two forums." *Welch Family Ltd. P'ship Four* at 22-23.  These four other factors further support the Plaintiffs' request for a remand.

37.     As the Plaintiff's noted in their Statement of No Consent, two hearings were held (by different judges) on the Plaintiffs' motions for a temporary restraining order in July of 2023, and thirteen motions have been filed, including two dispositive motions, of which ten had already been decided and several were pending as of July 4, 2024.  Extensive discovery had also already taken place.[3]  *See* Dkt. No. 12.

38.     Here there is both a strong risk of inconsistent results and a grave risk of wasting this Court's judicial resources.  The D.C. Superior Court has already heard (and denied) multiple dispositive motions filed by the Defendants.  The D.C. Superior Court has also heard a prior motion for a protective order as to whether the Plaintiffs can take the deposition of Mr. Drazin.

D.     <u>The Court Can Also Remand this Case on Equitable Grounds.</u>

39.     Under 28 USC § 1452, this Court has the ability to remand the Consolidated Cases "on any equitable ground."  There is no question that the Plaintiffs will be prejudiced if the Defendants are permitted to proceed in this forum.  The Defendants' improper removal has already resulted in a delay in taking the Defendants' depositions and the jury trial date being cancelled.

---

[3]  Approximately forty-seven written discovery requests and responses were served (*e.g.*, interrogatories, request for production of documents, requests for admissions, and related responses), one deposition was partially completed, two subpoenas were issued, and the date for the completion of discovery was set for July 9, 2024.

11

4894-1669-2944.v2

40. The Defendants are already asking this Court to re-invent the wheel by issuing a new scheduling order with a new schedule of discovery "to be taken and completed." *See* Dkt. No. 5. In the Consolidated Cases, the Defendants did not serve *any* discovery requests on 423 Kennedy by the discovery requests deadline of May 8, 2024. By removing the case and immediately seeking a new discovery schedule, the Defendants could be trying to extend the discovery requests deadline that they allowed to lapse, and did not seek to extend, with the D.C. Superior Court before it expired. This type of discovery gamesmanship should not be permitted.

E.  <u>The Court Should Suspend All Defendants' Motions, Hearings, and Related Deadlines Until the Remand Decision is Made.</u>

41. It would be a complete waste of judicial resources for this Court to consider any of the multiple motions that have been noticed and filed by the Defendants if this case is going to be remanded to the D.C. Superior Court. For purposes of judicial economy alone, the Court should immediately issue an order under 11 U.S.C. §105(a) suspending the deadlines and hearings for all of the motions that the Defendants are seeking to have this Court consider before a remand decision is made.

## CONCLUSION

42. Given the remote and tenuous, if any, connection between the Chapter 7 Case, AP 23-10025, and the claims in the Consolidated Cases, as well as the Defendants' contention that there is no partnership relationship as alleged by the Ch. 7 Trustee, the Defendants' purpose to remove the Consolidated Cases was to forum shop and delay the Plaintiffs' efforts to hold the Defendants accountable for their wrongful conduct in D.C. Superior Court.

43. The Court should determine that removal of the Consolidated Cases was not objectively reasonable under the circumstances. If the Court makes that determination, it has the discretion to enter an award of attorney's fees to the Plaintiffs as a sanction. *See Martin v.*

12

*Franklin Capital Corp.,* 546 U.S. 132, 140-41 (2005) (addressing a sanctions award for an improper removal under 28 U.S.C. § 1447(c))

WHEREFORE, Plaintiffs request that the Court grant this motion by: (a) suspending all motions, hearings, and response deadlines for motions and hearings that have been noticed and filed by the Defendants; (b) remanding the Consolidated Cases to the D.C. Superior Court; and (c) requiring the Defendants to pay the Plaintiffs for the attorney's fees that they have incurred and will incur as a result of the improper removal request. The Plaintiffs request that they be permitted to submit an application in support of an award of attorneys' fees within a reasonable time period after the entry of the remand order.

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, P.C.

Dated: July 21, 2024

/s/ James D. Sadowski
James D. Sadowski (DC Bar # 446635)
Alexandria J. Smith (DC Bar # 1781067)
Erin B. McAuliffe (DC Bar #1722421)
801 17th Street, N.W., Suite 1000
Washington, DC 20006
Telephone: (202) 452-1400
Email:   jds@gdllaw.com | ajs@gdllaw.com | ebm@gdllaw.com
*Counsel for Plaintiffs Developer RE1, LLC and 423 Kennedy St. Holdings, LLC*

13

4894-1669-2944.v2

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of July, 2024, a true copy of the foregoing Plaintiffs' Motion for Remand and to Suspend Defendants' Motions, Hearings, and Related Response Deadlines was served electronically and a Notice of Electronic filing should be sent to all persons receiving notices via the Court's CM/ECF system.

/s/ James D. Sadowski
James D. Sadowski

4894-1669-2944.v2