GREENSTEIN DELORME & LUCHS, P.C.
James D. Sadowski (DC Bar #446635)
Alexandria J. Smith (DC Bar #1781067)
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 452-1400; Fax (202) 452-1410
Emails: jds@gdllaw.com; ajs@gdllaw.com
*Counsel for Plaintiffs Developer RE1 LLC
and 423 Kennedy St Holdings LLC*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>CHARLES PAXTON PARET<br><br>*Debtor.* | Case No. 23-00217-ELG<br><br>Chapter 7 |
| DEVELOPER RE1 LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>DP CAPITAL LLC; RUSSELL DRAZIN; DANIEL HUERTAS; SF NU, LLC; and WCP FUND I LLC,<br><br>*Defendants.* | Adv. Pro. No. 24-10023-ELG |
| 423 KENNEDY ST HOLDINGS LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>DP CAPITAL LLC; RUSSELL DRAZIN; DANIEL HUERTAS; and WCP FUND I LLC,<br><br>*Defendants.* | |

8161\0002\4870-1807-3307.v2

<u>Plaintiffs' Reply in Support of their Motion for Remand</u>

Developer RE1 LLC ("Developer RE1") and 423 Kennedy St Holdings LLC ("423 Kennedy") (collectively, "Plaintiffs") submit this reply in support of their Motion for Remand (the "Motion for Remand") (ECF No. 13) and to address the Opposition to the Motion for Remand (the "Opposition") filed on August 20, 2024 by DP Capital LLC ("DP Capital"), Russell Drazin ("Mr. Drazin"), Daniel Huertas ("Mr. Huertas"), WCP Fund I LLC ("WCP Fund I"), and SF NU, LLC ("SF NU") (collectively, "Defendants") and JPK NewCo LLC ("JPK Newco.") (ECF No. 20). In support of their reply, the Plaintiffs state as follows:

## INTRODUCTION

The Defendants and JPK Newco rely heavily on the fact that JPK Newco was put into involuntary bankruptcy a mere three days after Plaintiffs filed their Motion for Remand. *See In Re JPK NewCo, LLC*, Case No. 24-00262-EL (the "JPK Chapter 11 Case"). But that reliance is misplaced. While the Opposition was purportedly filed on behalf of Defendants *and* JPK Newco, JPK Newco currently lacks standing to contest the Motion for Remand.[1] The Defendants' newfound reliance on the JPK Bankruptcy Case fares no better than their original reliance on the Chapter 7 proceeding involving Charels Paret ("Mr. Paret"), *In Re Charles Paxton Paret,* Case No. 23-00217-ELG (the "Paret Chapter 7 Case") and a related adversary proceeding first filed by Mr. Paret against Daniel Huertas ("Mr. Huertas"), *Charles Paret v. Daniel Huertas*, AP No.: 23-10025-ELG (the "Paret Adversary Proceeding"). That is because neither Mr. Paret nor JPK Newco are parties to the Consolidated Cases. Moreover, any relation

---

[1] Defendants' counsel, Maurice B. VerStandig, filed the Opposition on behalf of the Defendants and JPK NewCo even though he has not yet received approval to act as JP NewCo's counsel.

2

8161\0002\4870-1807-3307.v2

between the Paret Chapter 7 Case and the Paret Adversary Proceeding, on the one hand, and the Consolidated Cases, on the other hand, is tenuous, at best.

RESPONSE TO THE DEFENDANTS' OPPOSITION

A. <u>The Automatic Stay Does Not Apply to the Claims in the Consolidated Cases.</u>

In the Opposition, the Defendants argue that the automatic stay pursuant to 11 U.S.C. §362(a)(3) is applicable to the Consolidated Cases as a result of the filing of the Paret Chapter 7 Case.[2] Opp. at p. 9. But the plain language of 11 U.S.C. §362(a)(3) makes clear that the automatic stay only prevents "any act to obtain possession of the property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. §362(a)(3). The automatic stay is not implicated here because the claims in the Consolidated Cases do not involve either obtaining possession of any property of the estate, or obtaining property from the estate, or exercising control over any property of the estate. The Consolidated Cases involve state-law claims for monetary damages against specific persons not in bankruptcy and stopping two wrongful foreclosures. Because the automatic stay does not apply to the Plaintiffs' claims, the Defendants cannot rely upon Fed. R. Bankr. P. 9027(a)(2) to avoid the untimeliness of their Notice of Removal.

B. <u>The 423 Kennedy Property and the DRL Property Do Not Constitute Property of the Estate of Mr. Paret.</u>

Before addressing why the Defendants' reliance on the JPK Chapter 11 Case is misplaced, a brief response to the claim that the Consolidated Cases constitute a core proceeding is appropriate. The Plaintiffs both possess and own, and have for some time, the properties

---

[2] The Defendants claim a stay was automatically imposed when the Paret Chapter 7 Case was initiated, but Defendants then rely on Mr. Paret's schedules, which were not filed until months later. *See* ECF No. 50 in the Paret Chapter 7 Case.

located at 423 Kennedy Street, NW, Wahington, DC 20011 (the "423 Kennedy Property")[3] and

5501st Street, NW, Washington, DC 20011 and 5505 1st Street, NW, Washington, DC 20011 (the

"DRL Property").[4]  Copies of the deeds to both properties will be provided at the August 27,

2024 hearing.  Any claim that the 423 Kennedy Property and the DRL Property are owned by

Mr. Paret, thus purportedly rendering the Consolidated Cases a "core proceeding," are

demonstrably false.

    1.   The Chapter 7 Trustee's Allegations Are Not Determinative.

In their removal notice, the Defendants relied on allegations made by Wendall Webster,

the Chapter 7 Trustee (the "Ch. 7 Trustee") who filed the Third Amended Complaint in the Paret

Adversary Proceeding against Mr. Huertas (and others).  More specifically, the Defendants

pointed to the Ch. 7 Trustee's allegations pertaining to a partnership that allegedly existed

between Mr. Paret and Mr. Huertas "that 'involve[s]' 423 Kennedy and myriad other companies

and real estate assets." *See* ECF No. 1 ("Notice of Removal") at p. 3, ¶ 11.  The Defendants also

claimed that "the Trustee asserts a partnership interest in assets titled in the name of both 423

Kennedy and [Developer RE1]." *Id.* p. 6, ¶ 25.[5]

---

[3]   By Deed dated July 8, 2016 recorded in the District's land records as Document # 2016073584, 423 Kennedy St NW LLC conveyed part of what comprises the 423 Kennedy Property to 423 Kennedy.  By Deed dated August 3, 2017 and recorded in the District's land records as Document # 2017087687, Louis R. Williams and Patricia A. Williams conveyed the other portion of what comprises the 423 Kennedy Property to 423 Kennedy.

[4]   By Deed dated December 23, 2021 recorded in the District's land records as Document # 2021169018, 5501 1st St Holdings LLC conveyed part of what makes up the DRL Property to Developer RE1.  By Deed dated December 23, 2021 recorded in the District's land records as Document # 2021169017, 71 Kennedy St Holdings LLC conveyed the other portion of what makes up the DRL Property to Developer RE1.  Both 5501 1st St Holdings LLC and 71 Kennedy St Holdings LLC are currently listed in the District's online records as dissolved companies.

[5]   The Defendants dispute those partnership allegations.  *See, e.g.,* Notice of Removal at p. 6, ¶ 27 ("Mr. Huertas and WCP deny – in the most vehement terms possible – that there ever existed a partnership with Mr. Paret."); Motion to Dismiss filed on August 14, 2024 (ECF No. 41 in the Paret

4

The Defendants cite to several cases that dealt with disputed claims to property. According to the Defendants, the 423 Kennedy Property and the DRL Property constitute "arguable property" of Mr. Paret's bankruptcy estate. The Defendants, however, stretch the notion of "arguable property" a bit too far. *In Re Brittan*, 435 B.R. 318, 322 (Bankr. D.S.C. 2010), one of the cases cited in the Opposition, helps explain why there is no real dispute that neither the 423 Kennedy Property nor the DRL Property are part of the bankruptcy estate of Mr. Paret. In that case, the South Carolina Bankruptcy Court explained, applying South Carolina law, that "a member's bankruptcy estate has no interest in property of an LLC and that the estate's property interest is limited to the member's distributional interest." *In re Brittain*, 435 B.R. at 322. The same concept holds true in the District where "[a] limited liability company is an entity distinct from its member or members." D.C. Code § 29-801.04.

This Court has also previously observed that, "[w]hen a member of an LLC files for bankruptcy, '[t]here is no question that the economic rights [of that member], that is the membership interest, becomes property of the estate.'" *Simu v. Carvalho* (In re Carvalho), 2016 Bankr. LEXIS 3969, at *8 (Bankr. D.D.C. Nov. 15, 2016) (citing *Spain v. Williams*, 455 B.R. 485, 502 (Bankr. E.D. Va. 2011)). The interest of a member in a domestic limited liability company is called a "Transferrable Interest", which is defined as:

> the right, as initially owned by a person in the person's capacity as a member, to receive distributions from a limited liability company in accordance with the operating agreement, whether or not the person remains a member or continues to own any part of the right. The term applies to any fraction of the interest, by whomever owned.

D.C. Code § 29-801.02. D.C. Code § 29-805.01 further provides that "[a] transferrable interest is personal property." It follows that the property interest that a member of a limited liability

---

Adversary Proceeding) at p. 21 ([DP Capital] and [WCP Fund I] maintain no partnership ever existed.").

5

company has is limited to that member's transferrable interest, which is personal property and that is the interest that becomes party of an individual debtor's bankruptcy estate.

There is no evidence before the Court that Mr. Paret, individually, has ever owned the 423 Kennedy Property or the DRL Property. The filings in the Paret Chapter 7 Case also make it clear that Mr. Paret may claim, at most, a *partnership interest* in a "General partnership with Daniel Huertas," as shown on Mr. Paret's Schedules (ECF No. 50 in the Paret Chapter 7 Case). Specifically, the Ch. 7 Trustee alleges is that "[m]ultiple limited liability corporations are involved in the HP partnership transaction, including as follows: ". . . 423 Kennedy St Holdings LLC purchased [the 423 Kennedy Property] for a combined amount of $1,725,000 . . . and 5505 1st St Holdings LLC purchased [the DRL Property] for $1,000,000 on July 19, 2017…" Third Am. Compl. at ¶ 45 (ECF No. 38-1 in the Paret Adversary Proceeding). The Trustee then alleges that an email from Mr. Huertas "effectuated" that the partnership "included 50% ownership of the LLC Properties." *Id*. at ¶ 45. The Trustee did not allege, however, that Mr. Paret, individually, has a member interest in either 423 Kennedy or Developer RE1. Even if he did so contend, Mr. Paret's interest, if any, would be limited to his membership interest in the limited liability company that owns the property, not an interest in the property itself.

It is also worth noting that neither Mr. Paret nor the Ch. 7 Trustee have initiated proceedings against either of the Plaintiffs as the record owners of the DRL Property and the 423 Kennedy Property. Both Mr. Paret and the Ch. 7 Trustee seemingly recognize that if causes of action exist regarding those properties, the only cognizable claims are properly brought against Mr. Paret's alleged partner and not against the actual property owners. For example, the Chapter 7 Trustee has not asserted a quiet title claim against the property owners of record.

6

8161\0002\4870-1807-3307.v2

2. <u>The Authority the Defendants Rely Upon is Either Inapplicable or Distinguishable</u>.

In *Brown v. Chestnut (In re Chestnut)* 422 F.3d 298, 300 (5th Cir. 2005), another case cited to support the "arguable property" contention, the Fifth Circuit considered a dispute over whether real estate was "separate property" versus "community property", and it was in the context of considering "the question whether the creditor violates the stay if, without permission of the bankruptcy court, he forecloses on an asset to which the debtor has only an arguable claim of right . . . ." *Brown,* 422 F.3d at 300. The facts in the Consolidated Cases are easily distinguishable from the facts in *Chesnut*. In the Consolidated Cases, it is the Plaintiffs who seek to enjoin the Defendants from proceeding with foreclosures on properties that the Plaintiffs own (not Mr. Paret). Indeed, if the automatic stay applied here, it is the Defendants who would seemingly be violating that stay by trying to foreclose on properties that are the "arguable property" of Mr. Paret. The *Chestnut* decision also cautioned that: "[n]ot every bankruptcy petition, with an attendant claim of a right in property, will transform what is obviously not property of the estate into arguable property that is subject to process requirements." *Id*. at 306.

The Defendants' citation to *Taub v. Taub* (*In re Taub*), 427 B.R. 208 (Bankr. E.D.N.Y. 2010), is also not helpful to their position. In *Taub,* the debtor had a legal interest in four properties, three of which were titled in her name alone and the other titled with her husband as tenants by the entirety. *Taub,* 427 B.R. at 213. The properties at issue in *Taub* were the subject of divorce proceedings. In this case, there is not even an allegation that either the 423 Kennedy Property or the DRL Property are now, or have ever been, titled in Mr. Paret's name.

C. <u>The Filing of JPK Chapter 11 Case Did Not Convert the Claims in the Consolidated Cases Into A Core Proceeding.</u>

In support of removal, the Defendants initially cited to 28 U.S.C. §§ 157(b)(2)(I) and (O) under the guise that the Consolidated Cases involve a "core" proceeding. The Motion for

7

Remand shows why those provisions are inapplicable here, namely because the Consolidated Cases seek monetary and injunctive relief against parties that are not debtors in any bankruptcy proceeding. In the Opposition, the Defendants again cite to inapplicable provisions, this time claiming that the Consolidated Cases implicate 28 U.S.C. §§ 157(b)(2)(A), (B), (C), and (K).

In relying on U.S.C. § 157(b)(2)(A) and (B), the Defendants and JPK Newco point to JPK Newco's *unrelated* bankruptcy proceeding. JPK Newco's involuntary petition was filed on July 23, 2024, three days after the Plaintiffs filed the Motion for Remand. JPK Newco's assertions can be dismissed based upon its lack of standing. Several bankruptcy courts have found that where a non-party to an adversary proceeding files a motion or objection to the relief sought, that party lacks standing. *See Flener v. Monticello Banking Co. (In re Alexander)*, Nos. 06-10238(1)(7), 08-1013, 2009 Bankr. LEXIS 3721, at *2 (Bankr. W.D. Ky. Nov. 16, 2009) (denying debtor's motion where debtor lacked standing because he "is not a party to this adversary proceeding and has not sought to intervene in this action as a party.") [6]

While JPK Newco claims it will move to intervene in the Consolidated Cases, it has not done so – nor did it take that step in the Consolidated Cases before removal. And contrary to what is represented in the Opposition, the Plaintiffs do not seek relief "to determine the validity of liens." Opp. at p. 23. As for U.S.C. § 157(b)(2)(C), the Defendants and JPK assert that "the analysis is slightly trickier" and claim "JPK will be suing both DRL and 423 Kennedy for breach of the at-issue promissory notes." Opp. at p. 17. But as it stands, the Defendants and JPK recognize there are no "counterclaims by the estate against persons filing claims against the

---

[6] *See also Beekman Paper Co. v. Saint Theresa Props., Inc. (In re Saint Theresa Props., Inc.)*, 152 B.R. 852, 853 n.1 (Bankr. S.D.N.Y. 1993) (declining to consider submissions from non-parties who had not sought to intervene, but who "purported to file papers" objecting to motion); *Redmond v. Brooke Holdings, Inc. (In re Brooke Corp.)*, Nos. 08-22786, 10-6225, 2017 Bankr. LEXIS 1038, at *3 (Bankr. D. Kan. Apr. 14, 2017) (denying motion of non-party to an adversary proceeding).

8161\0002\4870-1807-3307.v2

estate," as contemplated by 28 U.S.C. § 157(b)(2)(C). Regardless, the JPK Chapter 11 Case is not related to Mr. Paret's Chapter 11 Case. The filing of an involuntary petition against JPK Newco does nothing to further the Defendants' contention that claims in the Consolidated Cases are "core" claims.

Defendants also now claim that 28 U.S.C. § 157(b)(2)(K) is implicated. Opp. at pp. 17-18. But that section pertains to "determinations of the validity, extent, or priority of liens." The injunctive relief sought by the Plaintiffs in the Consolidated Cases centers on the Plaintiffs' request to enjoin wrongful foreclosures.[7] The Plaintiffs are not asking for determinations of the validity, extent, or priority of any lien. Since the Plaintiffs' claims do not arise under title 11 nor in a case under title 11, the Plaintiffs claims cannot be qualified as "core" proceedings.

D. <u>Mandatory Abstention Is Applicable Here.</u>

The Defendants also contend that mandatory abstention never applies to a case removed from D.C. Superior Court. Opp. at pp. 18-19. Defendants cite only to *Patterson v. United States*, 2007 U.S. Dist. LEXIS 43705, at *2 (D.D.C. June 18, 2007) in support of their contention that D.C. Superior Court is "a court of the United States" within the meaning of 28 U.S.C. 1334(c)(2), rendering mandatory abstention inapplicable to cases removed from D.C. Superior Court. This contention is not correct. With respect to mandatory abstention, the statute provides that:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district *court shall abstain from hearing such proceeding if an*

---

[7] Two DC Superior Court judges have already issued injunctions prohibiting any foreclosures on the two properties until further order of the Court.

9

> *action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.*

28 U.S.C. 1334(c)(2) (italic emphasis added).  This court has previously found that mandatory abstention applied to cases removed from, and remanded back to, the D.C. Superior Court.  *See e.g.*, *Welch Family Ltd. P'ship Four v. Brown* (*In re A V. Car & Home, LLC*), 2018 Bankr. LEXIS 3955, at *21 (Bankr. D.D.C. Dec. 14, 2018) (concluding mandatory abstention applies and remanding case to D.C. Superior Court); and *Majidy v. Bello* (*In re Bello*), 2018 Bankr. LEXIS 1223 (Bankr. D.D.C. Apr. 17, 2018) (applying mandatory abstention under Section § 1334(c)(2) and remanding case to D.C. Superior Court).

Additionally, while *Patterson* does include an observation that D.C. Superior Court judges "are federal Article I judges," that case did not hold that the D.C. Superior Court is "a court of the United States" versus "a State forum."  In *In re Bello*, this Court explained that "court of the United States" equates to federal jurisdiction for purposes of 28 U.S.C. § 1334(c)(2) observing that "Section 1334(c)(2) requires courts to abstain from hearing cases that are based on a state law claim, for which the court only has related to jurisdiction, there is no other federal jurisdiction, that is commenced in state court, and can be timely adjudicated in that state court."  *Id.* at 4.   Indeed, the Defendants acknowledge that "there is no jurisdictional basis for this suit to be heard . . . in this Honorable Court . . . other than the pendency of the Paret and JPK Newco bankruptcies."  Opp. at p. 22.  Since the Consolidated Cases are, at best, only related to a core proceeding, mandatory abstention is required.  Accordingly, remand to the state-forum, in this case the D.C. Superior Court, is appropriate.

E.      The Factors Governing Discretionary Abstention Also Require a Remand.

Even if this Court were to fall back to the factors governing discretionary abstention, an analysis of those factors shows that a remand is appropriate.  In arguing that discretionary

10

abstention is not appropriate here, the Defendants (and JPK Newco) continually point to the administration of Mr. Paret's bankruptcy estate and of JPK Newco's bankruptcy estate as a key factor, but they fail to identify exactly how, it at all, the Consolidated Cases will impact the administration of either bankruptcy estate. Again, in the Consolidated Cases the Plaintiffs seek monetary relief from certain parties and Mr. Paret is not one of those parties. The Plaintiffs also sought to enjoin certain parties from wrongfully foreclosing on the properties that the Plaintiffs own. To the extent JPK Newco now claims an interest in the loan documents related to the 423 Kennedy Property or the DRL Property, the Plaintiffs are not seeking to "cancel" the promissory notes or the deeds of trusts, but rather to have the court determine that certain provisions in the loan documents are either unenforceable or could not be invoked as a basis for either a default under the loan documents or in support of a foreclosure.

## CONCLUSION

The Consolidated Cases should be remanded because removal was untimely. Alternatively, the Consolidated Cases should be remanded on the basis of either mandatory abstention or discretionary abstention.

                                                  Respectfully submitted,

                                                  GREENSTEIN DELORME & LUCHS, P.C.

Dated: August 26, 2024                  /s/ James D. Sadowski
                                                  James D. Sadowski (DC Bar # 446635)
                                                  Alexandria J. Smith (DC Bar # 1781067)
                                                  801 17th Street, N.W., Suite 1000
                                                  Washington, DC 20006
                                                  Telephone: (202) 452-1400
                                                  Email: jds@gdllaw.com | ajs@gdllaw.com
                                                  *Counsel for Plaintiffs Developer RE1, LLC*
                                                     *and 423 Kennedy St Holdings, LLC*

8161\0002\4870-1807-3307.v2

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of August, 2024, a true copy of the foregoing Plaintiffs' Reply in Support of Motion for Remand was served electronically and a Notice of Electronic filing should be sent to all persons receiving notices via the Court's CM/ECF system.

/s/ James. D. Sadowski
James D. Sadowski

8161\0002\4870-1807-3307.v2