UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>CHARLES PAXTON PARET,<br><br>*Debtor.* | Case No. 23-00217-ELG<br><br>Chapter 7 |
| DEVELOPER RE1 LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>DP CAPITAL LLC; RUSSELL DRAZIN; DANIEL HUERTAS; SF NU, LLC; and WCP FUND I LLC,<br><br>*Defendants.* | Adv. Pro. No. 24-10023-ELG |
| 423 KENNEDY ST HOLDINGS LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>DP CAPITAL LLC; RUSSELL DRAZIN; DANIEL HUERTAS; and WCP FUND I LLC,<br><br>*Defendants.* | |

## DECLARATION OF MEL NEGUSSIE

I, Mel Negussie, am over 18 years of age, have personal knowledge of the facts set forth herein, and declare as follows:

1. 423 Kennedy St Holdings, LLC ("423 Kennedy") is a domestic, sole purpose, limited liability company that owns the real property known as 423 Kennedy, N.W., Lot 56, Square 3260 (the "423 Kennedy Property").

2. Developer RE1, LLC ("Developer RE1") is a domestic, sole purpose, limited liability company that owns real property known as 5501 1st Street, N.W., Lot 138, Square 3389 (the "5501 1st Street Property").

3. I am a member of both Developer RE1 and 423 Kennedy.

4. The sole purpose of 423 Kennedy is to own and develop the 423 Kennedy Property.

5. The sole purpose of Developer RE1 is to own and develop the 5501 1st Street Property.

6. In January of 2020, DP Capital LLC d/b/a Washington Capital Partners ("WCP") helped 423 Kennedy obtain a construction finance loan for the 423 Kennedy Property, which original loan was later refinanced. WCP Fund I, LLC ("WCP Fund") is the lender under the loan documents.

7. On December 23, 2021, WCP helped facilitate Developer RE1 in obtaining an acquisition finance loan for the 5501 1st Street Property, which original loan was later refinanced. WCP Fund is the lender under the loan documents.

8. The loan documents referenced in paragraphs 6 and 7 above were documents prepared by the Trustee that 423 Kennedy and Developer RE1 were not allowed to modify.

9. By December 8, 2022, Developer RE1 and 423 Kennedy had made all payments due under the loan documents referenced herein.

10. On December 8, 2022, I received two unsigned Notices of Default by email, one regarding the 5501 1st Street Property and the other regarding the 423 Kennedy Property. Neither Notice of Default set forth a default. The email also included Payoff Statements. The

2

Payoff Statements demanded additional amounts of $727,598.77 (for Developer RE1) and $1.5 million (for 423 Kennedy) for "Default Interest" and "Default Penalt[ies]."

11. After receiving the Notices of Default, I immediately called Mr. Huertas who told me to contact WCP's counsel, the Trustee.

12. As a direct result of the wrongful conduct of the Trustee, Developer RE1 and 423 Kennedy were forced to initiate legal action to protect their rights under the loan documents referenced herein.

13. The Borrowers have already suffered damages as a result of the Trustee's misconduct to include damages caused by their inability to refinance the loans, rising interest rates, hundreds of thousands of dollars in legal expenses, and their inability to complete the projects. There will also be damages for the increased costs to complete the projects as a result of supply chain shortages and inflation. As to 423 Kennedy, there are likely damages to the building at the 423 Kennedy Property because it has been vacant and open to environmental elements. Both Borrowers have incurred carrying costs, such as property taxes, insurance, and payments to vendors. Both Borrowers have suffered reputational damages. I have personally fielded questions from other developers and financers about why the projects at the 423 Kennedy Property and the 5501 1st Street Property were not completed.

14. Due to nearly all of the factors listed above, and a now depressed sales market, there is very little chance that either project will result in a profit.

15. The evidence that we have obtained so far shows that the Trustee has acted at all times on behalf of WCP and the WCP Fund as its counsel rather than as trustee under the loan documents referenced herein.

16. Developer RE1 and 423 Kennedy seek to discover information and documents as to the Trustee's actions in relation to his duties under the loan documents referenced herein to include the following:

- When the Trustee realized that he had a conflict of interest and whether he conducted any research on that issue;

- Complete records and communications related to the Notices of Foreclosure Sale of Real Property or Condominium Unit that the Trustee recorded (for example, did the Trustee vet those documents with the other Defendants);

- What the Trustee claims to have done (and not done) in order to faithfully execute his fiduciary duties to the Borrowers and the transaction;

- Records and information showing all payments the Trustee received from any of the Defendants (in his capacity as Trustee);

- All records and communications related to the Default Notices and how the Trustee contends he can comply with his fiduciary duties when he is bound to follow (as counsel) the instructions of his clients;

- Records of all commissions or other payments the Trustee received related to the deeds of trust including, but not limited to, the advertisement in the Washington Post;

- An explanation regarding how the Trustee could possibly faithfully execute his duties to the Borrowers and the transaction once he realized that a conflict of interest arose;

- Whether the Trustee was in continual consultation with the lender and was dominated by the lender;

- The length of the Trustee's relationship(s) with the Defendants and what disclosures, if any, the Trustee asserts were made to the Borrowers regarding such relationship(s).

4

      I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __17th__ day of January, 2025.

_____
Mel Negussie