UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: <br><br> CHARLES PAXTON PARET, <br><br> *Debtor.* | Case No. 23-00217-ELG <br><br> Chapter 7 |
| DEVELOPER RE1 LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> DP CAPITAL LLC, ET AL, <br><br> *Defendants.* | Adv. Pro. No. 24-10023-ELG |
| 423 KENNEDY ST HOLDINGS LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> DP CAPITAL LLC, ET AL, <br><br> *Defendants.* | |

## DEVELOPER REI, LLC'S ANSWER TO COUNTERCLAIM

Plaintiff/Counter-Defendant, Developer RE1, LLC ("Developer RE1"), by undersigned counsel, hereby files its Answer to the Counterclaim filed by the WCP Fund I, LLC ("WCP Fund"). Developer RE1 responds to the allegations of the Counterclaim as follows:

### PARTIES[1]

1. The allegations of paragraph 1 of the Counterclaim are admitted.

---

[1] Developer RE1 cites to the subheadings in the Counterclaim for convenience only and not as an admission as to the validity of the terms used or as to the claims that have been asserted.

8161\0002\4900-2477-5466.v2

2. The allegations of paragraph 2 of the Counterclaim are admitted.

## JURISDICTION AND VENUE

3. The allegations of paragraph 3 of the Counterclaim state a legal conclusion regarding jurisdiction for which no response is required.

4. The allegations of paragraph 4 of the Counterclaim state a legal conclusion regarding venue for which no response is required. To the extent a response is required, Developer RE1 denies that venue is appropriate in this Court.

## GENERAL ALLEGATIONS: THE WCP PROMISSORY NOTE

5. The allegations of paragraph 5 of the Counterclaim are admitted.

6. In response to the allegations of paragraph 6, Developer RE1 states that the terms of the referenced promissory note speak for themselves and not as characterized by the WCP Fund. Developer RE1 denies any allegations that are not consistent with the terms of the referenced promissory note.

7. In response to the allegations of paragraph 7, Developer RE1 states that the terms of the referenced promissory note speak for themselves and not as characterized by the WCP Fund. Developer RE1 denies any allegations that are not consistent with the terms of the referenced promissory note.

8. In response to the allegations of paragraph 8, Developer RE1 states that the terms of the referenced promissory note speak for themselves and not as characterized by the WCP Fund. Developer RE1 denies any allegations that are not consistent with the terms of the referenced promissory note.

9. Developer RE1 denies the allegations of paragraph 9.

10. Developer RE1 denies the allegations of paragraph 10.

11. Developer RE1 denies the allegations of paragraph 11.

## COUNT I – BREACH OF CONTRACT

12. Developer RE1 incorporates by reference its responses to paragraphs 1-11 of the Counterclaim.

13. In response to the allegations of paragraph 13, Developer RE1 admits only that the referenced promissory note is considered to be a contract.

14. Developer RE1 denies the allegations of paragraph 14.

15. Developer RE1 denies the allegations of paragraph 15.

16. Developer RE1 denies the allegations of paragraph 16.

17. Developer RE1 denies all allegations of the Counterclaim that have not been expressly admitted.

## FIRST DEFENSE

The claims in the Counterclaim are barred by the doctrine of first breach.

## SECOND DEFENSE

The claims in the Counterclaim are barred by the prevention doctrine.

## THIRD DEFENSE

The claims in the Counterclaim are barred by the WCP Fund's failure to comply with the duty of good faith and fair dealing.

## FOURTH DEFENSE

The claims in the Counterclaim are barred by the WCP Fund's intentional interference with Developer RE1's business relations.

8161\0002\4900-2477-5466.v2

## FIFTH DEFENSE

The WCP Fund may not have standing the enforce the terms of the referenced promissory note.

## SIXTH DEFENSE

The claims in the Counterclaim are barred, in whole or in part, by the WCP Fund's unclean hands.

## SEVENTH DEFENSE

The claims in the Counterclaim are barred, in whole or in part, because certain provisions of the referenced promissory note are unenforceable.

## EIGHTH DEFENSE

The claims in the Counterclaim are barred, in whole or in part, by the doctrine of recoupment.

## NINTH DEFENSE

The claims in the Counterclaim are barred, in whole or in part, by the doctrine of setoff.

WHEREFORE, having fully answered, Plaintiff/Counter-Defendant Developer RE1, LLC respectfully requests that this Honorable Court:

A. Enter judgment against the WCP Fund I, LLC, on Count 1 of the Counterclaim.

B. Dismiss the Counterclaim with prejudice;

C. Award Developer RE1, LLC its costs and attorneys' fees, if allowed by law, incurred in connection with a defense of the Counterclaim; and

D. Enter such other and further relief as this Court deems just and proper.

8161\0002\4900-2477-5466.v2

                        Respectfully submitted,

                        GREENSTEIN DELORME & LUCHS, P.C.

Dated:  March 18, 2025                    /s/ James D. Sadowski
                        James D. Sadowski (D.C. Bar No. 446635)
                        Alexandria J. Smith (D.C. Bar. No. 1781067)
                        801 17th Street, NW, Suite 1000
                        Washington, DC 20006
                        Telephone:  (202) 452-1400
                        Email: jds@gdllaw.com | ajs@gdllaw.com
                        *Counsel for Plaintiff Developer RE1, LLC*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of Developer REI LLC's Answer to Counterclaim was filed through eFileDC this 18th day of March, 2025, and a Notice of Filing should be sent by ECF to all counsel of record in the case.

                        /s/ James D. Sadowski
                        James D. Sadowski

8161\0002\4900-2477-5466.v2