UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>CHARLES PAXTON PARET<br><br>Debtor. | Case No. 23-00217-ELG<br><br>Chapter 7 |
| DEVELOPER RE1 LLC,<br><br>Plaintiff,<br><br>v.<br><br>DP CAPITAL LLC; RUSSELL DRAZIN; DANIEL HUERTAS; SF NU, LLC; and WCP FUND I LLC,<br><br>Defendants. | Adv. Pro. No. 24-10023-ELG |
| 423 KENNEDY ST HOLDINGS LLC,<br><br>Plaintiff,<br><br>v.<br><br>DP CAPITAL LLC; RUSSELL DRAZIN; DANIEL HUERTAS; and WCP FUND I LLC,<br><br>Defendants. | |

PLAINTIFFS' RENEWED MOTION FOR REMAND AND TO SUSPEND
DEFENDANTS' MOTIONS, HEARINGS, AND RELATED RESPONSE DEADLINE

The Plaintiffs, Developer RE1 LLC ("Developer RE1") and 423 Kennedy St Holdings

LLC ("423 Kennedy") (collectively, "Plaintiffs"), pursuant to 11 U.S.C. § 105(a), 28 U.S.C.

§1334(c) and §1452(b), Fed. R. Bankr. P. 9006, and LBR 9027-1(b) move this Court to:  (a)

remand this adversary proceeding to the D.C. Superior Court; and (b) suspend the other pending

motion, hearing, and response deadline until after a decision is made on this renewed motion for

remand.  In support of these requests, the Plaintiffs represent as follows:

OVERVIEW

1.    The Court is already familiar with the factual and procedural history of these

removed cases.  Given that familiarity, and because brevity is the heart of good pleading, the

Plaintiffs refer the Court to the prior filings related to the remand issue, in particular:

    a.    the Plaintiffs' Statement of No Consent to Final Orders of
Judgment filed on July 16, 2024 (ECF No. 12);

    b.    the Plaintiffs' first Motion for Remand and to Suspend Deadlines
filed on July 21, 2024 (ECF No. 13);

    c.    the Plaintiffs' Omnibus Objections to Motions Filed and Notice
by Defendants filed on July 22, 2024 (ECF No. 16); and

    d.    the Plaintiffs' Reply in Support of Motion for Remand filed on
August 26, 2024 (ECF No. 21); and

    e.    the Plaintiffs' Supplemental Brief in Support of Motion for
Remand filed on November 27, 2024 (ECF No. 26).

2.    The Court should also take into consideration the following filings in the

involuntary bankruptcy petition case (24-00262-ELG) involving JPK NewCo, LLC ("JPK

NewCo").  These filings outline the scheme that the Defendants engaged in to attempt to

bootstrap the threadbare jurisdictional arguments for removal by manufacturing a "core

proceeding", *i.e.,* the filing of the involuntary petition against JPK NewCo:

    a.    The US Trustee's Motion to Dismiss Chapter 11 Case Pursuant to
11 U.S.C. 1112(b) (ECF No. 37 in 24-00262-ELG);

    b.    The Plaintiffs' Statement in Support of the US Trustee's Motion to
Dismiss Chapter 11 Case Pursuant to 11 U.S.C. 1112(b) (ECF No.
57 in 24-00262-ELG);

    c.    The Monthly Operating Reports filed by JPK New Co that show
no legitimate business activity whatsoever for JPK NewCo (ECF

2

Nos. 62, 63, 71, 73, 80, and 84 in 24-00262-ELG);

d.    The transcript from the meeting of creditors held in the JPK
NewCo case, again confirming that JPK NewCo was not a
legitimate business;[1] and

e.    The Limited Objection to Application for Compensation (ECF
No. 86 in 24-00262-ELG).

3.    To reiterate, JPK NewCo was created by the Defendants and their counsel, acting
in concert, for the improper purposes of:  (a) delaying a trial on the Plaintiffs claims in D.C.
Superior Court and hindering their ability to pursue their claims; and (b) so that the Defendants
could relitigate prior decisions from that Court in this Court – a Court that they consider to be
their "home court" that would make decisions more favorable to their positions.

4.    After extensive briefing, this Court held a hearing on the motion for remand and
denied that motion without prejudice.  ECF Nos. 28 and 35.  The Court's denial of the motion for
remand "without prejudice" was in part due to the fact that the viability of the JPK NewCo
involuntary case (24-00262-ELG) was on thin ice because the US Trustee's Office had filed a
motion to dismiss that case for being filed in bad faith

5.    The original alleged basis for removal jurisdiction was the pendency of mere
*allegations* in an adversary proceeding involving Charles Paret in another case that one of the
Defendants (Daniel Huertas) removed to this Court on September 1, 2023, just shy of one month
*after* three of his related companies, as creditors, had filed an involuntary petition against Mr.
Paret (23-00217) on August 4, 2023.[2]

---

[1]    A copy of the transcript from the JPK NewCo meeting of creditors is attached as Exhibit 1.

[2]    The petitioning creditors in 23-00217-ELG were:  DP Capital, LLC; 1Sharpe Opportunity
Immediate Trust; and WCP Fund I, LLC.  *See* ECF No. 1 in 23-00217-ELG.  Christina Araujo, who
completed all of JPK New Co's monthly operating reports, and Mr. VerStandig signed the
involuntary petition.

3

6.     To say that the allegations of Mr. Paret about an alleged partnership being formed, in which he claims, without support, that he has a continuing ownership interest in 423 Kennedy and Developer RE1, are "flimsy" would be the understatement of the year.  Mr. Paret signed documents in December 2020 and December 2021 in which he confirmed that he no longer had any membership interests in the entities that owned the two properties now owned by Developer RE1 and 423 Kennedy.  *See* Exhibit 2 and (two Declarations signed by Mr. Paret in December 2021 regarding the membership interests in the prior entities that owned the Developer RE1 property);[3] *see also* Exhibit 4 (Affidavit of Mr. Paret regarding the ownership of 423 Kennedy dated January 31, 2020).

7.     Several of the Defendants in the adversary proceeding filed motions to dismiss Mr. Paret's partnership (and other) evolving claims, but later folded by signing an agreed order that kept several of Mr. Paret's claims intact.  *See* ECF No. 3 (Motion to Dismiss filed by Mr. Huertas), ECF No. 15 (Motion to Dismiss filed by Mr. Huertas and DP Capital), ECF No. 41 (Motion to Dismiss filed by Mr. Huertas, DP Capital, and the WCP Fund), and ECF No. 46 (Order granting in part and denying in part the last motion to dismiss) in 23-10025-ELG.  The timing of the decision to fold -- in November of 2024 -- before the Court issued a decision on the first motion for remand, should not be lost on this Court.  It was to the Defendants benefit here to keep the Paret claims alive for jurisdictional purposes.

8.     On February 24, 2025, the Court entered an order dismissing the JPK NewCo involuntary case "WITHOUT PREJUDICE" on the basis that the Debtor "failed to pay the quarterly fee due to the United States Truste [sic – "Trustee"]" and for no other reason.  ECF No. 85 (in 24-00262-ELG).

---

[3]   These documents reference 71 Kennedy Street Holdings LLC and 5501 1st St Holdings, LLC. Those entities conveyed title to NT Group, LLC, who then conveyed title to Developer RE1.

4

9.      As Plaintiffs' counsel predicted at a hearing in July of last year -- this before
knowing anything about JPK NewCo. -- JPK NewCo was using the removal process to attempt
to relitigate issues that have already been decided by the D.C. Superior Courts.  On March 19,
2025, the Defendants filed a Motion to Dismiss or, In the Alternative, for Summary Judgment
("Motion to Dismiss").  The Motion to Dismiss asserts many of the same arguments that were
previously asserted, and rejected by, two different judges in D.C. Superior Court before the cases
were removed.

10.     As a result of the dismissal of the JPK NewCo involuntary case, the jurisdictional
dynamics have now shifted dramatically in favor of remanding these cases to the D.C. Superior
Court.  JPK NewCo is no longer a defendant in a pending bankruptcy case, and the court does
not have jurisdiction over JPK NewCo's property.

11.     This Court was never designed to be either the Defendants' "home court" or to act
as the first line of appeal for the Defendants from prior, adverse decisions made by the D.C.
Superior Court, but allowing this case to continue here is exactly what this Court will become.

12.     The type of manipulative, procedural gamesmanship that the Defendants have
engaged in, which has to date gone unchecked, should not be condoned by this Court.  This
Court was established, with limited jurisdiction, to hear legitimate core bankruptcy proceedings
filed by legitimate debtors, with additional "related to" jurisdiction, all of which is sorely lacking
here.

13.     This case should go no further until the Court decides this renewed motion for
remand.

8161\0002\4911-6425-8860.v1

14.     For purposes of judicial economy, the Court should issue an order under 11 U.S.C. §105(a) suspending the deadlines and hearings for the Motion to Dismiss until after a decision is made on this renewed motion for remand.

WHEREFORE, Plaintiffs request that the Court grant this motion by: (a) continuing to withhold a decision on the Motion for Summary Judgment filed by Russell Drazin (ECF No. 7); (b) suspending the hearing and response deadline for the Motion to Dismiss (ECF No. 44); (c) remanding these consolidated cases to the D.C. Superior Court; and (d) requiring the Defendants to pay the Plaintiffs for the attorney's fees that they have incurred and will incur as a result of the Defendants' improper removal of the cases. The Plaintiffs request that they be permitted to submit an application in support of an award of attorneys' fees within a reasonable time period after the entry of the remand order.

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, P.C.

Dated: March 25, 2025

/s/ James D. Sadowski
James D. Sadowski (DC Bar # 446635)
Alexandria J. Smith (DC Bar # 1781067)
Erin B. McAuliffe (DC Bar #1722421)
801 17th Street, N.W., Suite 1000
Washington, DC 20006
Telephone: (202) 452-1400
Email:   jds@gdllaw.com | ajs@gdllaw.com |
         ebm@gdllaw.com
*Counsel for Plaintiffs Developer RE1, LLC
and 423 Kennedy St. Holdings, LLC*

8161\0002\4911-6425-8860.v1

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of March, 2025, a true copy of the foregoing

Plaintiffs' Renewed Motion for Remand and to Suspend Defendants' Motions, Hearings, and

Related Response Deadlines was served electronically and a Notice of Electronic filing should

be sent to all persons receiving notices via the Court's CM/ECF system.

/s/ James D. Sadowski
James D. Sadowski

8161\0002\4911-6425-8860.v1