UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>CHARLES PAXTON PARET,<br><br>*Debtor.* | Case No. 23-00217-ELG<br><br>Chapter 7 |
| DEVELOPER RE1 LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>DP CAPITAL LLC; RUSSELL DRAZIN; DANIEL HUERTAS; SF NU, LLC; AND WCP FUND I LLC,<br><br>*Defendants.* | Adv. Pro. No. 24-10023-ELG |
| 423 KENNEDY ST HOLDINGS LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>DP CAPITAL LLC; RUSSELL DRAZIN; DANIEL HUERTAS; AND WCP FUND I LLC,<br><br>*Defendants.* | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' LIST OF
MATERIAL FACTS NOT IN DISPUTE AND
LIST OF ADDITIONAL MATERIAL FACTS IN DISPUTE**[1]

| **Defendants' "Material Facts Not in Dispute"** | **Plaintiffs' Response & Supporting Evidence** |
|---|---|
| 1. On December 23, 2021, WCP loaned $4,103,000.00 to DRL, with the loan being evidenced by promissory notes for $3,579,000.00 (the "First DRL Note") and $524,000.00 (the "Second DRL Note"), respectively. *See* DRL Promissory Notes, attached hereto as Exhibits A and B. | The terms of the DRL Notes speak for themselves and are not disputed. |
| 2. The DRL Promissory Notes are each secured by a deed of trust (collectively, the "DRL Deeds of Trust") on the real property commonly known as 5501 First Street, NW, Washington, DC 20011 (the "DRL Property"). *See* DRL Deeds of Trust, attached hereto as Exhibits C and D. | The terms of the DRL Deeds of Trust speak for themselves and are not disputed. |
| 3. Four months later, on March 31, 2022, WCP loaned $9,945,693.00 to 423 Kennedy, with the loan being evidenced by promissory notes for $8,689,693.00 (the "First 423 Kennedy Note") and $1,256,000.00 (the "Second 423 Kennedy Note"). *See* 423 Kennedy Notes, attached hereto as Exhibits E and F. | The terms of the 423 Kennedy Notes speak for themselves and are not disputed. |
| 4. The 423 Kennedy Notes are each secured by a deed of trust (collectively, the "423 Kennedy Deeds of Trust") on the real property commonly known as 419-423 Kennedy Street, NW, Washington, DC 20011 (the "423 Kennedy Property"). *See* 423 Kennedy Deeds of Trust, attached hereto as Exhibits G and H. | The terms of the 423 Kennedy Deeds of Trust speak for themselves and are not disputed. |

---

[1] To the extent a defined term used herein is not defined, it carries the same meaning as defined in Plaintiffs' Opposition to Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment.

| | | |
|---|---|---|
| 5. | Pursuant to the Second DRL Note, DRL was required to make monthly interest payments to WCP. *See* Second DRL Note, attached hereto as Exhibit B, at § 3. | The terms of the Second DRL Note speak for themselves and are not disputed. |
| 6. | DRL failed to timely make the monthly interest payment due on July 1, 2022, with the payment coming some thirteen days late. *See* Declaration of Christina Araujo, attached hereto as Exhibit I, at ¶ 4. | Denied/disputed. The timing of payments is not disputed, but Developer RE1 has valid defenses to all of the alleged defaults (both factually and legally). Judge Scott also made findings that any alleged late payments were either excused or waived, and could not serve as a basis for a default. *See* Exhibit 6 to the Borrowers' Opposition. The lender's records also show that all payments were current. *See* Exhibit 7 to the Opposition. There are material facts in dispute as to any alleged "late" payments and as to a waiver defense. |
| 7. | DRL failed to timely make the monthly interest payment due on October 1, 2022, with the payment coming some five days late. *See* Declaration of Christina Araujo, attached hereto as Exhibit I, at ¶ 5. | Denied/disputed. The timing of payments is not disputed, but Developer RE1 has valid defenses to all of the alleged defaults (both factually and legally). Judge Scott also made findings that any alleged late payments were either excused or waived, and could not serve as a basis for a default. *See* Exhibit 6 to the Borrowers' Opposition. The lender's records also show that all payments were current. *See* Exhibit 7 to the Opposition. There are material facts in dispute as to any alleged "late" payments and as to a waiver defense. |
| 8. | DRL failed to timely make the monthly interest payment due on November 1, 2022, with the payment coming some eight days late. *See* Declaration of Christina Araujo, attached hereto as Exhibit I, at ¶ 6. | Denied/disputed. The timing of payments is not disputed, but Developer RE1 has valid defenses to all of the alleged defaults (both factually and legally). Judge Scott also made findings that any alleged late payments were either excused or waived, and could not serve as a basis for a default. *See* Exhibit 6 to the Borrowers' Opposition. The lender's records also show that all payments were current. *See* Exhibit 7 to the Opposition. There are material facts in dispute as to any alleged "late" payments and as to a waiver defense. |

| | |
|---|---|
| 9. Pursuant to the Second DRL Note, DRL was required to pay the Second DRL Note at maturity on December 24, 2022. *See* Second DRL Note, attached hereto as Exhibit B, at § 3. | Denied/disputed. The terms of the Second DRL Note speak for themselves and are not disputed. But Developer RE1 has valid defenses to payment of all payments due after the Lender Defendants intentionally interfered with the refinancing in December 2022, such as the prevention doctrine and other legal and equitable defenses. |
| 10. DRL failed to pay the Second DRL Note at maturity and has failed to pay the note at all times since. *See* Declaration of Christina Araujo, attached hereto as Exhibit I, at ¶ 7. | Denied/disputed. Developer RE1 has valid defenses to payment of all payments due after the Lender Defendants intentionally interfered with the refinancing in December 2022, such as the prevention doctrine and other legal and equitable defenses. |
| 11. The DRL Deeds of Trust require DRL to pay all taxes and obligations in a timely manner, so as to ensure there is no accrual of statutory liens senior to those of the lenders. *See* DRL Deeds of Trust, attached hereto as Exhibits C and D, at § 4.2. | Denied/disputed. The terms of the DRL Deeds of Trust speak for themselves and are not disputed. But Developer RE1 has valid defenses and a right to cure an alleged lien default prior to a foreclosure. |
| 12. DRL failed to pay water and sewer bills, causing a $44,857.93 lien to be placed upon the DRL Property in August 2022. *See* Water and Sewer Lien, attached hereto as Exhibit J. | Denied/disputed. Developer RE1 disputes this purported fact as the record demonstrates that Developer RE1 did not timely receive the water and sewer bills that resulted in the referenced lien. Developer RE1 first became aware that there may be outstanding DC Water invoices on or about August 31, 2022. Developer RE1 did not receive the invoices 2/23/22, 3/18/22, 4/19/22, and 6/16/22 until August 31, 2022.   Negussie Decl. ¶ 11.<br><br>Judge Scott also made findings that Developer RE1 took immediate steps to resolve the lien and this could not serve as a basis for a default. *See* Exhibit 6 to the Borrowers' Opposition.<br><br>The lender's own records show that the loan was never in default status as a result of this |

| | |
|---|---|
| | lien. *See* Exhibit 7 to the Borrowers' Opposition. |
| 13. DRL also failed to timely pay more than $16,700.00 in taxes on the DRL Property for the second half of 2022, causing another senior lien to accrue. *See* Tax Payment History, attached hereto as Exhibit K (showing interest and penalties to have been assessed). | Disputed. Developer RE1 disputes this purported fact as it paid the taxes on the Developer RE1 Property. Negussie Decl. ¶ 12.<br><br>The lender's own records show that the loan was never in default status as a result of this lien. *See* Exhibit 7 to the Borrowers' Opposition. |
| 14. DRL defaulted under the terms of the Second DRL Note and the DRL Deeds of Trust at least six times, with three defaults coming in the form of late interest payments, one default coming in the form of a failure to pay the note at maturity, and two defaults coming in the form of permitting senior liens to accrue on the DRL Property.[2] | Developer RE1 presented evidence at the Developer RE1 TRO Hearing showing that the lender's own records did not list the loans in default status when the Notices of Default were sent. *See* Exhibit 7 to the Borrowers' Opposition and Exhibit S from the Developer RE1 TRO Hearing (showing that both loans for Developer RE1 were listed as "current").<br><br>This alleged fact is also disputed because at his deposition, Mr. Huertas could not state what DRL loans were current and what loans were not current. *See* Exhibit 9 to Opposition (excerpts from the deposition transcript where Mr. Huertas evaded multiple questions, could not identify any specific reasons how Developer RE1 was in default, and confirmed that the lender's records did not list a "default" status until February 1, 2023).<br><br>Developer RE1 further disputes this purported fact as WCP accepted all payments Developer RE1 made. Negussie Decl. ¶13.<br><br>Developer RE1 also disputes this purported fact because the Lander Defendants interfered with, and prevented, the refinancing of the loans that Developer RE1 had secured, or was in the process of securing with Main Street Bank. Negussie Decl. ¶ 14. |

| | |
|---|---|
| | This summary of alleged defaults is also disputed for the reasons previously stated in the prior references to these alleged defaults. |
| 15. Pursuant to the Second 423 Kennedy Note, 423 Kennedy was required to make an interest payment of $12,560.00 on or before the first day of each month. *See* Second 423 Kennedy Note, attached hereto as Exhibit F, at § 3. | The terms of the 423 Kennedy Notes speak for themselves and are not disputed. |
| 16. 423 Kennedy failed to timely make the monthly interest payment due on May 1, 2022, with the payment coming some 74 days late. *See* Declaration of Christina Araujo, attached hereto as Exhibit I, at ¶ 8. | Denied/disputed. The timing of payments is not disputed, but 423 Kennedy has valid defenses to all of the alleged defaults (both factually and legally). Judge Lee also made findings that any alleged late payments were either excused or waived, and could not serve as a basis for a default. *See* Exhibit 5 to the Borrowers' Opposition. The lender's records also show that all payments were current. There are material facts in dispute as to any alleged "late" payments and as to a waiver defense. *See* Exhibit 8 to the Borrowers' Opposition. |
| 17. 423 Kennedy failed to timely make the monthly interest payment due on June 1, 2022, with the payment coming some 43 days late. *See* Declaration of Christina Araujo, attached hereto as Exhibit I, at ¶ 9. | Denied/disputed. The timing of payments is not disputed, but 423 Kennedy has valid defenses to all of the alleged defaults (both factually and legally). Judge Lee also made findings that any alleged late payments were either excused or waived, and could not serve as a basis for a default. *See* Exhibit 5 to the Borrowers' Opposition. The lender's records also show that all payments were current. *See* Exhibit 8 to the Borrowers' Opposition. There are material facts in dispute as to any alleged "late" payments and as to a waiver defense. |
| 18. 423 Kennedy failed to timely make the monthly interest payment due on July 1, 2022, with the payment coming some 13 days late. *See* | Denied/disputed. The timing of payments is not disputed, but 423 Kennedy has valid defenses to all of the alleged defaults (both factually and legally). Judge Lee also made findings that any alleged late payments were |

| | |
|---|---|
| Declaration of Christina Araujo, attached hereto as Exhibit I, at ¶ 10. | either excused or waived, and could not serve as a basis for a default. *See* Exhibit 5 to the Borrowers' Opposition. The lender's records also show that all payments were current. There are material facts in dispute as to any alleged "late" payments and as to a waiver defense. *See* Exhibit 8 to the Borrowers' Opposition. |
| 19. 423 Kennedy failed to timely make the monthly interest payment due on December 1, 2022, with the payment coming some seven days late. *See* Declaration of Christina Araujo, attached hereto as Exhibit I, at ¶ 11. | Denied/disputed. The timing of payments is not disputed, but 423 Kennedy has valid defenses to all of the alleged defaults (both factually and legally). Judge Lee also made findings that any alleged late payments were either excused or waived, and could not serve as a basis for a default. *See* Exhibit 5 to the Borrowers' Opposition. The lender's records also show that all payments were current. *See* Exhibit 8 to the Borrowers' Opposition. There are material facts in dispute as to any alleged "late" payments and as to a waiver defense. |
| 20. 423 Kennedy failed to make the monthly interest payment due on January 1, 2023, with the payment having never been made. *See* Declaration of Christina Araujo, attached hereto as Exhibit I, at ¶ 12. | Denied/disputed. 423 Kennedy has valid defenses to payment of all payments due after the Lender Defendants intentionally interfered with the refinancing in December 2022, such as the prevention doctrine, first breach, and other legal and equitable defenses. |
| 21. 423 Kennedy failed to make the monthly interest payment due on February 1, 2023, with the payment having never been made. *See* Declaration of Christina Araujo, attached hereto as Exhibit I, at ¶ 13. | Denied/disputed. 423 Kennedy has valid defenses to payment of all payments due after the Lender Defendants intentionally interfered with the refinancing in December 2022, such as the prevention doctrine, first breach, and other legal and equitable defenses. |
| 22. 423 Kennedy failed to make the monthly interest payment due on March 1, 2023, with the payment having never been made. *See* Declaration of Christina Araujo, attached hereto as Exhibit I, at ¶ 14. | Denied/disputed. 423 Kennedy has valid defenses to payment of all payments due after the Lender Defendants intentionally interfered with the refinancing in December 2022, such as the prevention doctrine, first breach, and other legal and equitable defenses. |

| | |
|---|---|
| 23. Pursuant to the Second 423 Kennedy Note, 423 Kennedy was required to pay the Second 423 Kennedy Note, in full, not later than March 31, 2023. *See* Second 423 Kennedy Note, Ex. F, at § 3. | Denied/disputed. 423 Kennedy has valid defenses to payment of all payments due after the Lender Defendants intentionally interfered with the refinancing in December 2022, such as the prevention doctrine, first breach, and other legal and equitable defenses. |
| 24. The Second 423 Kennedy Note was not paid at maturity and remains unpaid. *See* Declaration of Christina Araujo, attached hereto as Exhibit I, at ¶ 15. | Denied/disputed. 423 Kennedy has valid defenses to payment of all payments due after the Lender Defendants intentionally interfered with the refinancing in December 2022, such as the prevention doctrine, first breach, and other legal and equitable defenses. |
| 25. Pursuant to the 423 Kennedy Deeds of Trust, 423 Kennedy was to pay all obligations to third parties as they came due and ensure the 423 Kennedy Property remained free of municipal liens. *See* 423 Kennedy Deeds of Trust, attached hereto as Exhibits G and H, at § 1.0; 4.1-4.2; 5.1; 7.1. | The terms of the 423 Deeds of Trust are not disputed. |
| 26. On November 17, 2022, 423 Kennedy allowed a senior lien in favor of the District of Columbia Department of Buildings to accrue on the 423 Kennedy Property. *See* Department of Buildings Lien, attached hereto as Exhibit L. | Denied/disputed. 423 Kennedy was not aware of the lien, and when it became aware, it immediately took steps to resolve it.<br><br>Judge Lee also made a finding that 423 Kennedy took immediate steps to resolve the lien and that it was highly questionable this $500 fine could validly serve as a basis for a default on a multi-million dollar project. *See* Exhibit 5 to the Borrowers' Opposition.<br><br>The lender's own records show that the loan was never in default status as a result of this lien. *See* Exhibit 8 to the Borrowers' Opposition. |
| 27. In total, 423 Kennedy defaulted under the Second 423 Kennedy Note and the 423 Deeds of Trust some nine times, | Disputed/denied. 423 Kennedy presented evidence at its TRO Hearing showing that the lender's own records did not list the loans in |

| | |
|---|---|
| with four defaults coming in the form of late interest payments, three defaults coming in the form of interest payments being missed altogether, one default coming in the form of a failure to pay the debt at maturity, and one default coming in the form of allowing a municipal lien to erode that of the lender's from above.[3] | default status when the Notices of Default were sent. *See* Exhibit 8 to the Opposition.<br><br>423 Kennedy disputes this purported fact as it the lender who held the loan documents at the time of the alleged defaults who first breached the same with their refusal to provide construction draws. Negussie Decl. ¶ 16.<br><br>423 Kennedy further disputes this purported fact as WCP accepted all payments 423 Kennedy made. Negussie Decl. ¶ 13.<br><br>423 Kennedy also disputes this purported fact as the Lender Defendants interfered with – and—prevented the refinancing of the loans that 423 Kennedy had secured, or was in the process of securing with Main Street Bank. Negussie Decl. ¶ 15.<br><br>423 Kennedy had valid legal and factual defenses to the alleged defaults, such as first breach, the prevention doctrine, and waiver. |