UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>    CHARLES PAXTON PARET,<br><br>    *Debtor.* | Case No. 23-00217-ELG<br><br>Chapter 7 |

| | |
|---|---|
| DEVELOPER RE1 LLC,<br><br>    *Plaintiff,*<br><br>v.<br><br>DP CAPITAL LLC; RUSSELL DRAZIN; DANIEL HUERTAS; SF NU, LLC; and WCP FUND I LLC,<br><br>    *Defendants.* | Adv. Pro. No. 24-10023-ELG |

| |
|---|
| 423 KENNEDY ST HOLDINGS LLC,<br><br>    *Plaintiff,*<br><br>v.<br><br>DP CAPITAL LLC; RUSSELL DRAZIN; DANIEL HUERTAS; and WCP FUND I LLC,<br><br>    *Defendants.* |

## DECLARATION OF MEL NEGUSSIE[1]

I, Mel Negussie, am over 18 years of age, have personal knowledge of the facts set forth herein, and declare as follows:

---

[1] To the extent a defined term used herein is not defined, it carries the same meaning as defined in Plaintiffs' Opposition to Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment.

1.      423 Kennedy St Holdings, LLC ("423 Kennedy") is a domestic, sole purpose, limited liability company that owns the real property known as 423 Kennedy, N.W., Lot 56, Square 3260 (the "423 Kennedy Property").

2.      Developer RE1, LLC ("Developer RE1") is a domestic, sole purpose, limited liability company that owns real property known as 5501 1st Street, N.W., Lot 138, Square 3389 (the "5501 1st Street Property").

3.      I am a member of both Developer RE1 and 423 Kennedy.

4.      The sole purpose of 423 Kennedy is to own and develop the 423 Kennedy Property.

5.      The sole purpose of Developer RE1 is to own and develop the 5501 1st Street Property.

6.      In January of 2020, DP Capital LLC d/b/a Washington Capital Partners ("WCP") helped 423 Kennedy obtain a construction finance loan for the 423 Kennedy Property, which original loan was later refinanced.  WCP Fund I, LLC ("WCP Fund") is the lender under the loan documents.

7.      On December 23, 2021, WCP helped facilitate Developer RE1 in obtaining an acquisition finance loan for the 5501 1st Street Property, which original loan was later refinanced. WCP Fund is the lender under the loan documents.

8.      By December 8, 2022, Developer RE1 and 423 Kennedy had made all payments due under the loan documents referenced herein.

9.      On December 8, 2022, I received two unsigned Notices of Default by email, one regarding the 5501 1st Street Property and the other regarding the 423 Kennedy Property. Neither Notice of Default set forth a default.  The email also included Payoff Statements.  The

2

Payoff Statements demanded additional amounts of $727,598.77 (for Developer RE1) and $1.5 million (for 423 Kennedy) for "Default Interest" and "Default Penalt[ies]."

10.     As a direct result of the wrongful conduct of Defendants, Developer RE1 and 423 Kennedy were forced to initiate and/or maintain legal action to protect their rights under the loan documents referenced herein. As a result, the Borrowers have incurred and continue to incur attorneys' fees and costs.

11.     Developer RE1 first became aware that there may be outstanding DC Water invoices on or about August 31, 2022.  Developer RE1 did not receive the invoices 2/23/22, 3/18/22, 4/19/22, and 6/16/22 until August 31, 2022.

12.     Developer RE1 paid all taxes on the Developer RE1 Property.

13.     All interest payments made by the Developer RE1 and 423 Kennedy were accepted by WCP.

14.     The "Notice of Default" WCP issued to Developer RE1 interfered with –and— prevented the refinancing of the loans that  Developer RE1 had secured, or was in the process of securing with Main Street Bank.

15.     The "Notice of Default" WCP issued to 423 Kennedy interfered with –and— prevented the refinancing of the loans that 423 Kennedy had secured, or was in the process of securing with Main Street Bank.

16.     On or about October 6, 2022, Mr. Huertas informed 423 Kennedy by telephone that the WCP would no longer provide construction draws to 423 Kennedy.

17.     Developer RE1 and 423 Kennedy were not required to make interest payments after Defendants breached the Loan Documents.

18.     The Borrowers have already suffered damages as a result of Defendants'

misconduct to include damages caused by their inability to refinance the loans, rising interest

rates, hundreds of thousands of dollars in legal expenses, and their inability to complete the

projects.  There will also be damages for the increased costs to complete the projects as a result

of supply chain shortages and inflation.  As to 423 Kennedy, there are likely damages to the

building at the 423 Kennedy Property because it has been vacant and open to environmental

elements.  Both Borrowers have incurred carrying costs, such as property taxes, insurance, and

payments to vendors.  Both Borrowers have suffered reputational damages.  I have personally

fielded questions from other developers and financers about why the projects at the 423 Kennedy

Property and the 5501 1st Street Property were not completed.

19.      Due to nearly all of the factors listed above, and a now depressed sales market,

there is very little chance that either project will result in a profit.

20.     Developer RE1 and 423 Kennedy seek to discover information and documents as

to the Defendants' actions in relation to the loan documents referenced herein to include the

following:

- Confirming that the Lender Defendants have waived defaults related to the alleged
  late payments and that they were not damaged by any alleged defaults;

- Further confirming that the Lender Defendants and did not consider any of the loans
  to be in default for any reason prior to December 8, 2022;

- Confirming that Jason Shrensky (of SF NU) was the person that told Mr. Huertas to
  put pressure on the Borrowers related to the 2507 I Street project and to "make
  trouble" for the Borrowers and Mr. Negussie;

4

- Reviewing Mr. Drazin;s legal invoices to confirm that work related to justifying the

  defaults was performed after-the fact; and

- All of the facts listed in the bullet points in the Borrower's Opposition to Mr.

  Drazin's Motion for Summary Judgment (ECF # 30, page 14).

21.     The facts alleged in the Third Amended Complaint are true and correct to the best

of my knowledge.

22.     I testified truthfully at two different TRO hearings held on Friday, July 21, 2023

and Wednesday, July 26, 2023.

23.     The decisions entering a TRO issued by both Judge Milton Lee and Judge Ebony

Scott accurately reflect and summarize most of the testimony that I gave at the two TRO

hearings.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 18th day of April, 2025

_____
Mel Negussie