SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

- - - - - - - - - - - - - - - x
DEVELOPER RE1, LLC,           : Docket Number:  2022 CAB 005935
         Plaintiff,           :
                              :
                              :
         VS.                  :
                              :
                              :
DP CAPITAL, LLC D/B/A         :
WASHINGTON CAPITAL            :
PARTNERS, ET AL.,             : Friday, March 24, 2023
         Defendants.          : Washington, D.C.
- - - - - - - - - - - - - - - x

        The above-entitled action came on for a remote

initial scheduling conference hearing before the HONORABLE

EBONY M. SCOTT, Associate Judge, in Courtroom Number 219.


                APPEARANCES:

                On Behalf of the Plaintiff:

                JAMES D. SADOWSKI, Esquire
                Washington, D.C.


                On Behalf of the Defendants:

                MAURICE B. VERSTANDIG, Esquire
                Washington, D.C.


                                              25-01498



1

# TABLE OF CONTENTS

## MISCELLANY

PLAINTIFF'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

DENIED                                                                                               7



```
 1                      P R O C E E D I N G S
 2            THE DEPUTY CLERK:  Your Honor, calling number
 3   three on the calendar, calling the matter of Developer REI
 4   [sic], LLC versus DP Capital, LLC d/b/a Washington Capital
 5   Partners, et al., case number 2022 CAB 5935.
 6            Parties can you please state your name for the
 7   record, starting with plaintiff attorney first.
 8            MR. SADOWSKI:  Good morning, Judge Scott.  Jim
 9   Sadowski for the plaintiff.
10            THE COURT:  Good morning, Counsel.
11            MR. VERSTANDIG:  Good morning, Your Honor.
12   Maurice VerStandig, on behalf of the defendants.
13            THE COURT:  All right.  Good morning to you as
14   well.  Where are you there?  Good.  There you are.  Good
15   morning to you.
16            So this matter is scheduled for a remote
17   scheduling conference, I understand that a motion to
18   dismiss was filed to dismiss the first amended complaint
19   on January the 26th.
20            An opposition was filed on February the 16th.  I
21   do not see that a reply was filed.  Was a reply so filed?
22            MR. VERSTANDIG:  Your Honor, I believe one had
23   been filed.  And I may be errant in that regard.  If Mr.
24   Sadowski says we didn't file one, I would take his word to
25   be accurate.
```



3

```
 1            MR. SADOWSKI:  I can't tell you if he didn't
 2  file it, Judge.  But I can tell you that I didn't have
 3  notice of a filing.  And I checked the docket this
 4  morning, and I didn't see it in there.
 5            So I think if it was filed, even with the
 6  Odyssey delays, it probably would have been on the docket
 7  by now.
 8            THE COURT:  Could we see it on the docket?
 9  Okay.  All right.
10            MR. SADOWSKI:  Your Honor, I suspect that to be
11  true.  And it likely means we did not file one.
12            THE COURT:  Well, I think I heard counsel say
13  that -- well, sir, you should know whether or not you
14  filed a reply, I suspect.
15            MR. VERSTANDIG:  Your Honor, I'm looking through
16  my file.  I don't see a reply.  I don't believe we
17  replied, no.
18            THE COURT:  Okay.  All right.  Give me one
19  moment.  Bear with me.
20            (Pause.)
21            THE COURT:  Okay.  While Odyssey is sort of
22  waking up, at least for me.  One of the things that we
23  must do is to set the matter on a scheduling track.
24            Have the parties discussed a track?
25            MR. SADOWSKI:  I haven't, Judge.  But I think
```



4

```
 1  this is a Track 2 type of case.
 2          THE COURT:  I believe that's true.  Any
 3  opposition to Track 2?
 4          MR. VERSTANDIG:  None, Your Honor.
 5          THE COURT:  Okay.  Track 2, it is.  Well, I
 6  did -- I was endeavoring to pull up the docket again.  But
 7  it's taking some time.  Let me say this.  The Court has
 8  reviewed the motion to dismiss the First Amendment
 9  complaint as well as the opposition.  And it appears there
10  was no reply filed.  One moment.
11          MR. VERSTANDIG:  Your Honor, I'm confident there
12  was no reply filed.  We would stand on the motion.
13          THE COURT:  The Court has reviewed the
14  opposition as well.  There doesn't appear to be a reply
15  filed.  And from the Court's understanding of the motion
16  to dismiss, the defendants contend that the plaintiffs,
17  that the plaintiff, rather, failed to make notes under --
18  or failed to make payments rather under a promissory note.
19          And then there are five or six reasons listed as
20  to why, high level listed, as to why the matter should not
21  proceed pursuant to 12(b)(6).
22          One of the claims is that the first amended
23  complaint fails to allege any damages.  Another contention
24  is that the first amended complaint lists or requests
25  injunctive relief solely.
```



5

```
 1              And according to the defendants, such relief
 2   cannot stand absent some other type of relief for a
 3   particular plaintiff.
 4              The defendants also -- the defendant also
 5   contends -- defendants, rather, also contend that there is
 6   no -- that there is a violation of the economic loss
 7   doctrine.
 8              And I believe that going back to the injunctive
 9   relief, that that is not relief according to the
10   defendants that's viable or cognizable under our law.
11              And so the Court will say that in determining
12   12(b)(6) matters, the Court is not looking at the merits
13   of the complaint.  Instead, the Court is looking to the
14   sufficiency of the complaint.
15              That means that the Court must determine, based
16   upon the face, the four corners of the complaint, whether
17   or not the complaint has any legal viability.
18              What does that mean?  That means that the
19   complaint is sufficient to put the defendants on notice of
20   what the claims are.  It's different than a motion for
21   summary judgment in which the Court can't review the
22   entire record, can review affidavits.
23              Discovery has proceeded at that point.  But at
24   this stage, the Court must discern whether or not the
25   complaint is legally sufficient.  One moment.
```



6

```
 1              Okay.  And so, accepting all of the allegations
 2  in the complaint as true and certainly reviewing the
 3  allegations in the complaint in the light most favorable
 4  to the plaintiff, the Court can draw the reasonable
 5  inferences that it may draw at this juncture to find that
 6  the defendants violated or committed the acts contained in
 7  the -- or alleged, rather, in the first amended complaint.
 8              Much of the arguments made in the motion to
 9  dismiss, again, they go to the merits of the case.  And
10  here the inquiry is that of sufficiency.
```

**JUDGE'S RULING**

```
12              And the Court does find the first amended
13  complaint to be sufficient in this case, because the Court
14  finds that it puts the defendants on notice, and it
15  certainly passes the Rule 8 muster.  And so, the Court
16  will deny the motion to dismiss the first amended
17  complaint.
18              So we have a Track 2.  I think that's all that
19  we need to do today.  Okay.  Thank you all for your
20  patience.  Have a good weekend.
21              MR. SADOWSKI:  Thank you, Your Honor.
22              MR. VERSTANDIG:  You as well, Judge.
23              THE COURT:  My pleasure.  Bye-bye.
24              (Thereupon, the proceedings were concluded.)
25                          * * * * *
```



7

CERTIFICATE OF TRANSCRIBER

I, Jennifer L. Sullivan, transcriber, do hereby certify that I have transcribed the proceedings had and the testimony adduced in the case of DEVELOPER RE1, LLC v. DP CAPITAL, LLC D/B/A WASHINGTON CAPITAL PARTNERS, ET AL., Docket Number: 2022 CAB 005935, in said Court, on the 24th day of March, 2023.

I further certify that the foregoing 7 pages constitute the official transcript of said proceedings as transcribed from audio recording to the best of my ability.

In witness whereof, I have hereto subscribed my name, this 28th day of March, 2025.

_Jennifer Sullivan_
TRANSCRIBER

