UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>CHARLES PAXTON PARET<br><br>*Debtor.* | Case No. 23-00217-ELG<br><br>Chapter 7 |
| DEVELOPER RE1 LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>DP CAPITAL LLC; RUSSELL DRAZIN; DANIEL HUERTAS; SF NU, LLC; and WCP FUND I LLC,<br><br>*Defendants.* | Adv. Pro. No. 24-10023-ELG |
| 423 KENNEDY ST HOLDINGS LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>DP CAPITAL LLC; RUSSELL DRAZIN; DANIEL HUERTAS; and WCP FUND I LLC,<br><br>*Defendants.* | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

The Plaintiffs, Developer RE1 LLC ("Developer RE1") and 423 Kennedy St Holdings LLC ("423 Kennedy") (collectively, "Plaintiffs"), move this Court for leave to file a Fourth Amended Complaint to correct the inadvertent omission of one claim by 423 Kennedy. In support of this request, the Plaintiffs represent as follows:

8161\0002\4911-9120-9023.v2

OVERVIEW

1. The Court is already familiar with the factual and procedural history of these removed cases. Pending before the Court are various motions, including the Plaintiffs' Renewed Motion for Remand. This motion is being filed without prejudice to the Plaintiffs' position that these consolidated cases involving purely state law claims should be remanded to the D.C. Superior Court.

2. The Plaintiffs filed a Third Amended Complaint on March 5, 2025. The Third Amended Complaint was filed as a result of several Defendants transferring certain loan documents to a sham company called JPK NewCo, LLC ("JPK"). After those loan documents were transferred, Defendant SF NU, LLC, a co-owner of JPK, argued that JPK was an indispensable party and filed a motion to dismiss on that basis.

3. The Third Amended Complaint was filed together by both Plaintiffs, with the consent of the Defendants, as one document in order to reduce the costs to all parties of having to respond to two separate, lengthy complaints that contained overlapping facts.

4. When combing the two, separate complaints into a single document, Plaintiffs' counsel inadvertently omitted including a previously asserted claim of breach of contract on behalf of 423 Kennedy. *See* ECF #1-2, pp. 684-86 (423 Kennedy's Verified Complaint filed July 13, 2023 (Count I for Breach of Contract).

5. 423 Kennedy's breach of contract claim is primarily premised upon several Defendants' unilateral decision to starve the 423 Kennedy development project of funds by refusing to release construction draws. *See* Third Amended Complaint, ECF #40, at 10, ¶¶ 64-66.

8161\0002\4911-9120-9023.v2

6. All of the Defendants were previously aware of 423 Kennedy's breach of contract claim as that claim was asserted in 423 Kennedy's complaint, and the viability of that claim was disputed by the initial Defendants and litigated at the hearing on 423 Kennedy's Motion for a Temporary Restraining Order.  *See* ECF #1-2, Part I.A, pp. 1268-80 (Judge Milton Lee's Order dated July 24, 2023 summarizing the testimony and finding that 423 Kennedy was likely to prevail on its breach of contract claim).

<u>The Legal Standard for a Motion for Leave to Amend.</u>

7. Rule 15(a) of the Federal Rules of Civil Procedure, which governs the relief requested in this motion, states that:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course no later than:
>
>> (A) 21 days after serving it, or
>>
>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) , (e) , or (f) , whichever is earlier.
>
> (2) Other Amendments.  *In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.*

Fed. R Civ. Proc. 15(a) (italic emphasis added).

8. In a decision involving leave to amend a complaint under Rule 15(a), the D.C. Circuit Court of Appeals noted that:

> The provision of Rule 15(a) allowing amendment with leave of court gives the District Court discretion and direction.  It instructs the District Court to determine the propriety of amendment on a case by case basis, using a generous standard.
>
>> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

>allowance of the amendment, futility of the amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Harris v. Secretary, United States Dep't of Veterans Affairs*, 126 F.3d 339, 344 (D.C. Cir. 1997) (citing Foman v. Davis, 371 U.S. 178 (1962).

<u>Legal Argument:  The Court Should Allow the Amendment.</u>

9. Here there is no undue delay, or bad faith, or dilatory motive.  Rather, a previously asserted claim was inadvertently omitted when two long complaints involving many overlapping facts and claims were combined into one document.

10. There would be no prejudice to the Defendants as a result of allowing this amendment because the inadvertently omitted claim for breach of contract was previously disclosed, discovery in this case is not yet completed, and no trial date has been set.

WHEREFORE, the Plaintiffs respectfully request that the Court grant this motion by entering an order granting them leave to file the Fourth Amended Complaint that is attached as Exhibit 1.  The previously omitted claim for breach of contract is now shown in Count VIII of the Fourth Amended Complaint.

>Respectfully submitted,
>
>GREENSTEIN DELORME & LUCHS, P.C.

Dated:  May 5, 2025

>/s/ James D. Sadowski
>James D. Sadowski (DC Bar # 446635)
>Alexandria J. Smith (DC Bar # 1781067)
>Erin B. McAuliffe (DC Bar #1722421)
>801 17th Street, N.W., Suite 1000
>Washington, DC  20006
>Phone: (202) 452-1400; Fax: 202-452-1410
>Email:   jds@gdllaw.com | ajs@gdllaw.com | ebm@gdllaw.com
>*Counsel for Plaintiffs Developer RE1, LLC and 423 Kennedy St. Holdings, LLC*

4

8161\0002\4911-9120-9023.v2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of May, 2025, a true copy of the foregoing Plaintiffs' Motion for Leave to file Fourth Amended Complaint was filed electronically and a Notice of Electronic filing should be sent to all persons receiving notices via the Court's CM/ECF system.

/s/ James D. Sadowski
James D. Sadowski

8161\0002\4911-9120-9023.v2