Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
mac@mbvesq.com
*Counsel for the Defendants*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: | |
| Charles Paxton Paret, | Case No. 23-217-ELG |
| Debtor. | Chapter 7 |
| Developer RE1 LLC, | |
| Plaintiff, | Adv. Case No. 24-10023-ELG |
| v. | (Cases Consolidated) |
| DP Capital LLC, *et al.* | |
| Defendants. | |
| 423 Kennedy St Holdings LLC, | |
| Plaintiff, | |
| v. | |
| DP Capital LLC, *et al.* | |
| Defendants. | |

**BRIEF REGARDING LACK OF MOOTNESS OF SUMMARY JUDGMENT MOTION**

Come now DP Capital, LLC ("DPCL"), WCP Fund I LLC ("WCP"), Daniel Huertas ("Mr.

Huertas"), SF NU, LLC ("SNL"), Russell Drazin ("Mr. Drazin") and JPK NewCo LLC ("JPK")

1

(collectively, the "Defendants"), by and through undersigned counsel, in response to this Honorable Court's Order Requiring Supplemental Briefing by May 7, 2025 (the "Order," as found at DE #56), and assert as follows:

## I.   Introduction

The plaintiffs herein (the "Plaintiffs") contend—in direct contravention of longstanding case law from the District of Columbia Court of Appeals, the United States Court of Appeals for the District of Columbia Circuit, the United States District Court for the District of Columbia, and this Honorable Court—that Mr. Drazin, as a trustee under two deeds of trust, owed some amorphous duty beyond that set forth in the deed of trust itself and District of Columbia statutory law. This contention was errant when the Plaintiffs argued such in opposition to Mr. Drazin's motion for summary judgment (the "Drazin Summary Judgment Motion," as found at DE #7), this contention was errant when the Plaintiffs restated it in their third amended complaint (the "Third Amended Complaint," as found at DE #40), and this contention will remain errant if the Plaintiffs are permitted to docket their fourth amended complaint (the "Fourth Amended Complaint," as found at DE #57-1).

Most importantly, though, because the core wrongfulness of this assertion has not been altered by any subsequent pleading (or requested pleading), the Drazin Summary Judgment Motion is not moot. Where, as here, an incurable deficiency survives an initial pleading and is incorporated into a subsequent pleading, a dispositive motion—whether one for summary judgment or even one seeking dismissal—is not mooted by the new pleading.

As discussed in greater detail *infra*, this notion is both well-explained by precedent (albeit with competing precedent being extant) and sensible in nature. While amendment is often a tool to plead additional facts or even alternative theories, amendment is not a tool through which

incurable legal maladies may be remedied or otherwise protracted. Especially where, as here, the dispositive motion turns not on sufficiency of pleading but, rather, the non-viability of an underlying theory, amendment is futile in the face of a dispositive motion.

Additionally, as also extrapolated upon below, the concern with mootness, while well-taken, is one that ought not interfere with the Drazin Summary Judgment Motion since (i) the motion is adopted in a separate summary judgment motion directed at the Third Amended Complaint, *see* Motion to Dismiss or, in the Alternative, for Summary Judgment, DE #44, at § VIII(d); and (ii) the doctrine of mootness does not bind bankruptcy courts in connection with adversary proceedings.

## II.     Argument: The Drazin Summary Judgment Motion is Not Moot

In connection with both motions for summary judgment and motions to dismiss, case law establishes that amendment of an at-issue pleading does not necessarily invite mootness. This is particularly true where, as here, the subject amendment does not alter the underlying legal defect upon which the correlative dispositive motion is premised. There is well-settled precedent of District of Columbia law only imposing on trustees, serving under deeds of trust, those duties set forth in the correlative lien instruments and under statutory law. No amendment to the pleadings in this case can change that case law or alter the robustness of that precedent. And it follows that no amendment can thusly moot a dispositive motion premised upon the subject precedent.

As noted by the United States District Court for the District of Maryland, in a recent case where mootness was raised in a similar prism: ". . . YWWS's motion for summary judgment was not mooted by Buechler's amended complaint because such a motion is not directed at the adequacy of a complaint's allegations but is instead focused on the merits of the substantive claim." *Buechler v. Your Wine & Spirit Shoppe, Inc.*, 846 F. Supp. 2d 406, 414 (D. Md. 2012). *See also*

3

*United Sec. Fin. Corp. v. First Mariner Bank*, 2017 U.S. Dist. LEXIS 121869, at *15 (D. Utah Aug. 2, 2017) ("Because the claims on which First Mariner sought summary judgment are included in both the original counterclaim the amended counterclaim, the claims and evidence related to those claims were not affected by the filing of the amended counterclaim and First Mariner's motion is not moot.").

To be sure, there does exist conflicting case law, in which courts have found amendment to moot a pending summary judgment motion. Yet, as noted by one court, the key distinction is oftentimes that mootness is found to occur where the amendment alters the claim for relief upon which summary judgment is sought. *See, e.g.*, *Cottonwood Acres, Ltd. Liab. Co. v. First Am. Title Ins. Co.*, 2023 U.S. Dist. LEXIS 157978, at *2 (D. Utah July 21, 2023) ("That said, other courts have held that where the claims on which summary judgment is sought (and the evidence related to those claims) are not affected by the filing of an amended complaint, then summary judgment motions pending when the amended complaint was filed are not necessarily moot.") (citing *United Sec. Fin. Corp.*, 2017 U.S. Dist. LEXIS at 121869).

This distinction, not coincidentally, traces neatly to the distinction often drawn in the prism of motions to dismiss: when an amendment does not—or, as here, cannot—cure the defect upon which a dispositive motion is premised, the original motion is not deemed moot:

> Generally, an "amended complaint supersedes the original complaint, thus making the motion to dismiss the original complaint moot." However, "[i]f some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." "That is particularly true if the amended complaint is 'substantially identical to the original complaint.'"

*McDuff v. Jones*, 2023 U.S. Dist. LEXIS 213250, at *2-3 (E.D. Mich. Nov. 6, 2023) (quoting *Ky. Press Ass'n v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)); citing *Glass v. Kellogg Co.*, 252 F.R.D. 367,

368 (W.D. Mich. 2008); quoting *Yates v. Applied Performance Techs.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002); *Klein by Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912, 919 (E.D. Mich. 2022) (citing *Mandali v. Clark*, 2014 U.S. Dist. LEXIS 143850 (S.D. Ohio Oct. 9, 2014))).

This doctrine emanates, in large part, from the longstanding recognition that amendment is a futile exercise where a claim is legally impossible from the outset. *See, e.g.*, *Hall & Assocs. v. EPA*, 956 F.3d 621, 630 (D.C. Cir. 2020) ("Amendment is futile if the amended complaint would not withstand a motion to dismiss.") (citing *Hettinga v. United States*, 677 F.3d 471, 480 (D.C. Cir. 2012)). *See also Rainey v. Patton*, 2011 U.S. Dist. LEXIS 126362, at *5 (S.D. Ohio Sep. 26, 2011) ("... when a motion to amend only addresses a discrete issue, it may not moot the underlying motion to dismiss.") (citing *In re: GI Holdings*, 122 F. App'x 554, 556 (3rd Cir. 2004)).

Ultimately, the reasoning of the *Buechler* Court is most persuasive: since the question here is not one of pleading sufficiency but, rather, legal viability, amendment is immaterial. The Third Amended Complaint does not allege that the at-issue deeds of trust set forth greater responsibilities than are actually present therein (nor could they; the subject deeds of trust have long been part of the record in this case). Nor does the Third Amended Complaint posit some independent theory of fiduciary responsibility aside from Mr. Drazin's service as trustee under deeds of trust. So the non-viability of the Plaintiffs' topical contention—that a trustee under a deed of trust has an affirmative obligation to independently investigate and adjudicate disputes—is not curable through amendment. And it is thusly proper to consider the Drazin Summary Judgment Motion, already under advisement, on the merits of the briefing and arguments thereupon.[1]

---

[1] It bears notation that even if the Third Amended Complaint did moot the prior summary judgment motion, the same argument has been restated in a summary judgment motion directed toward the Third Amended Complaint. *See* Motion to Dismiss or, in the Alternative, for Summary Judgment, DE #44, at § VIII(d).

5

### III. Argument: The Doctrine of Mootness is Inapplicable to Adversary Proceedings

There is a second reason consideration of the Drazin Summary Judgment Motion is not precluded by the docketing of the Third Amended Complaint: the doctrine of mootness is inapplicable to adversary proceedings in bankruptcy courts. For so long as bankruptcy judges are appointed by Circuit Courts of Appeal and serve limited terms (subject to renewal), bankruptcy courts will invariably hold the distinction of both being the federal courts with which members of the public are most likely to come into contact and federal courts unprotected by the safeguards of the constitutional judiciary. A necessary byproduct of this admittedly-curious distinction is that since bankruptcy courts do not within the ambit of Article III of the Constitution, bankruptcy courts are not subject to the "case or controversy" doctrine from which the notion of mootness originates.

As observed by the Supreme Court, "[t]he doctrines of mootness, ripeness, and political question all originate in Article III's 'case' or 'controversy' language, no less than standing does." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) (citing *National Park Hospitality Assn. v. Department of Interior*, 538 U.S. 803, 808 (2003); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997); *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 215 (1974)). *See also Kiviti v. Bhatt*, 80 F.4th 520, 532 (4th Cir. 2023) ("Mootness arises out of Article III's 'case-or-controversy' requirement.").

Yet bankruptcy courts are not Article III courts. *Stern v. Marshall*, 564 U.S. 462, 469 (2011). And insofar as bankruptcy judges lack both the tenure and salary protections of Article III judges, bankruptcy courts are idiosyncratically derivative of Article I—not Article III—of the Constitution. *Id.* at 515.

All of which means that, as Article I courts, bankruptcy courts are not bound by the limiting contours of Article III of the Constitution. Or, in the words of a recent Fourth Circuit opinion:

6

"Mootness is an Article III doctrine, and bankruptcy courts are not Article III courts. . . So they can constitutionally adjudicate cases that would be moot if heard in an Article III court." *Kiviti*, 80 F.4th at 532 (citing *Stern*, 564 U.S. at 503).

To be sure, the suggestion herein is not that this Honorable Court—or any of its sister courts—ought to commence entertaining moot cases for sport, or issuing advisory opinions on a whim. Nor is this brief necessarily a full-throated defense of *Kiviti*. Yet the Supreme Court, after issuing a call for response, declined to grant certiorari when presented an opportunity to overturn *Kiviti*. *See Kiviti v. Bhatt*, 144 S. Ct. 2519 (2024). And it thusly stands to reason that somewhere in the Fourth Circuit's reasoning there exists at least some kernel of pliable truth.

If ever a bankruptcy court's exemption from the mootness doctrine were to be valued, such would be here. The Defendants, as discussed *supra*, sincerely posit the Drazin Summary Judgment Motion to *not* be moot. Yet even if it were technically moot, declining to issue a ruling thereupon—simply because of an intervening amendment that does not so much as feign to cure the intrinsically-impossible nature of the claims against Mr. Drazin—would be contra to judicial economy and serve only to delay consideration of a motion otherwise destined for adjudication.

That the summary judgment motion directed at the Third Amended Complaint incorporates, by reference, the Drazin Summary Judgment motion, is of particular import in this regard. *Buechler* teaches that mootness does not arise when a claim is either uncured or incurable, just as *Kiviti* teaches that a bankruptcy court may entertain fleetingly moot matters when the interests of justice so dictate. Both independently establish cause to permit adjudication of the Drazin Summary Judgment Motion and, taken together, both well militates against disposing of the briefing and arguments that have already been had on this front.

7

### IV.     Conclusion

WHEREFORE, the Defendants respectfully pray this Honorable Court (i) not deem the Drazin Summary Judgment Motion to be moot; (ii) grant the Drazin Summary Judgment Motion; and (iii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: May 6, 2025      By:     /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
mac@mbvesq.com
*Counsel for the Defendants*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of May, 2025, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein.

/s/ Maurice B. VerStandig
Maurice B. VerStandig