UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>    CHARLES PAXTON PARET,<br><br>    *Debtor.* | Case No. 23-00217-ELG<br><br>Chapter 7 |
| DEVELOPER RE1 LLC,<br><br>    *Plaintiff,*<br><br>v.<br><br>DP CAPITAL LLC; RUSSELL DRAZIN; DANIEL HUERTAS; SF NU, LLC; AND WCP FUND I LLC,<br><br>    *Defendants.* | Adv. Pro. No. 24-10023-ELG |
| 423 KENNEDY ST HOLDINGS LLC,<br><br>    *Plaintiff,*<br><br>v.<br><br>DP CAPITAL LLC; RUSSELL DRAZIN; DANIEL HUERTAS; AND WCP FUND I LLC,<br><br>    *Defendants.* | |

## PLAINTIFFS' BRIEF REGARDING
## MOOTNESS OF SUMMARY JUDGMENT MOTION

Developer RE1 LLC ("Developer RE1") and 423 Kennedy St Holdings LLC ("423

Kennedy") (collectively, "Borrowers"), hereby file their response to the Court's Order Requiring

Supplemental Briefing by May 7, 2025 (the "Order") [ECF No. 56].  Although the Court invited

briefing *only* as to the issue of the mootness of Defendant Drazin's Motion for Summary

Judgment, the Defendants took that opportunity to take various pot shots at the merits of the

Third Amended Complaint.  The Borrowers will not respond in kind.

I.    LEGAL  ARGUMENT

The Court Could Exercise its Discretion as to the Issue of Mootness.

Contrary to Defendants' assertion that an amendment of an at-issue pleading does not

invite mootness, multiple cases have held that an amended complaint supersedes the original

complaint as the operative live pleading and renders a motion for summary judgment on the

original complaint moot.  *Helena Chem. Co. v. Hood (In re Hood)*, Nos. 16-14511-SDM, 19-

01065-SDM, 2022 Bankr. LEXIS 1536, at *15 (Bankr. N.D. Miss. June 1, 2022).  *Lofty, LLC v.

McKelly Roofing, LLC*, No. 2:17-CV-159-D-BR, 2018 U.S. Dist. LEXIS 194592, 2018 WL

6004307, at *1 (N.D. Tex. Nov. 15, 2018) (*citing King v. Dogan*, 31 F.3d 344, 346 (5th Cir.

1994) ("An amended complaint supersedes the original complaint and renders it of no legal

effect unless the amended complaint specifically refers to and adopts or incorporates by

reference the earlier pleading."); *Griffin v. Am. Zurich Ins. Co.,* 697 F. App'x 793, 797 (5th Cir.

2017) ("Once filed, that amended complaint rendered all earlier motions, including [the

plaintiff's] motion for partial summary judgment, moot."); and *Stredwick v. Dallas Margarita

Soc'y, Inc.*, No. 3:12-CV-623-F, 2012 U.S. Dist. LEXIS 193512, 2012 WL 12893430, at *1

(N.D. Tex. June 27, 2012) ("The filing of an amended complaint generally renders pending

motions moot.").

As a result, the Court could determine that Defendant Drazin's Summary Judgment

Motion, which was directed at the Second Amended Complaint, is moot as a result of the filing

of the Third Amended Complaint.  *See also Sango v. Johnson*, No. 13-12808, 2014 U.S. Dist.

LEXIS 130400, 2014 WL 4658379, at * 1 (E.D. Mich. 2014) (denying as moot the

plaintiff's motion for summary judgment on the original complaint); *see also Malik v. AT & T

*Mobility LLC*, No. 1:08-cv-234, 2008 U.S. Dist. LEXIS 66482, 2008 WL 4104555 (W.D. Mich. 2008) (denying as moot the defendant's motion to dismiss or, in the alternative, for partial summary judgment on the original complaint).

As stated in *Rainey*, a case cited by the Defendants, only in the rare case where the amended complaint is "substantially identical to the original complaint," may a properly filed amended complaint be insufficient to moot the motion to dismiss. *Rainey v. Patton*, No. 1:11cv327, 2011 U.S. Dist. LEXIS 126362, at *5 (S.D. Ohio Sep. 26, 2011) (citing *Greater Cincinnati Coalition for the Homeless*, 2009 U.S. Dist. LEXIS 84474, 2009 WL 3029661, at *4; *see also Butler v. Candlewood Rd. Partners, LLC (In re Raymond)*, 529 B.R. 455, 458 (Bankr. D. Mass. 2015). For example, when a motion to amend only addresses a discrete issue, it may not moot an underlying motion to dismiss. *In Re: GI Holdings*, 122 F. App'x 554, 556 (3rd Cir. 2004).

The complaints at issue here are not substantially identical. There are major variations in the Third Amended Complaint when compared to the prior complaints, including: (a) combining two complaints that had overlapping facts into one document; (b) adding JPK NewCo, LLC and Shaheen Sariri as additional defendants; and (c) adding claims to set aside fraudulent conveyances. That said, and so the Court does not have to attempt a line-by-line comparison of the prior complaints with the Third Amended Complaint, the allegations and claims asserted against Mr. Drazin contained in the Third Amended Complaint were not substantially changed from the prior complaints.

Note finally that there was a short period of time for the Borrowers to brief this issue, and both counsel of record for the Borrowers had busy schedules today and yesterday afternoon that did not allow them to put "all hands on deck" toward an exhaustive research of the case law on

the mootness issue.  The Borrowers' research did not yield any binding D.C. Circuit court cases,

or prior decisions of this court, squarely addressing the mootness issue presented here.  The

Borrowers regret not being able to provide a more thorough brief on this issue.

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, P.C.

Dated:  May 7, 2025

/s/ James D. Sadowski
James D. Sadowski (DC Bar # 446635)
Erin B. McAuliffe (DC Bar # 1722421)
Alexandria J. Smith (DC Bar # 1781067)
801 17th Street, N.W., Suite 1000
Washington, DC  20006
Telephone: (202) 452-1400
Email:   jds@gdllaw.com | ebm@gdllaw.com
| ajs@gdllaw.com
*Counsel for Plaintiffs Developer RE1, LLC
 and 423 Kennedy St Holdings, LLC*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of May, 2025, a true copy of the foregoing

Plaintiffs' Brief Regarding Mootness of Summary Judgment Motion was served electronically

and a Notice of Electronic filing should be sent to all persons receiving notices via the Court's

CM/ECF system.

/s/ James D. Sadowski
James D. Sadowski